UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BREVET CAPITAL SPECIAL OPPORTUNITIES MASTER FUND III, LP, | : : : : | Civil Action No. 10-4881 (SRC) |
| Plaintiff, | : : : | ORDER |
| v. | : : | |
| RD LEGAL FUNDING PARTNERS, LP; et al., | : : : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter having come before the Court upon the motion by Plaintiff Brevet Capital Special Opportunities Master Fund III, LP ("Plaintiff") for entry of default judgment against Defendant Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm (the "Ivey Law Firm") and against Defendant Garve W. Ivey, Jr. ("Ivey") [docket item no. 31]; and

**IT APPEARING** that, according to the affidavits of service filed by Plaintiff, the Ivey Law Firm and Ivey were served with a summons and Complaint on October 1, 2010 and October 5, 2010, respectively; and it further

**APPEARING** that on November 12, 2010, Plaintiff requested that the Clerk enter default against the Ivey law Firm and Ivey pursuant to Federal Rule of Civil Procedure 55(a), as they had not yet filed an Answer or other responsive pleading at that time; and it further

**APPEARING** that on November 12, 2010, the Clerk of the Court entered default against

Defendants the Ivey Law Firm and Ivey for failure to appear; and it further

**APPEARING** that the instant motion for default judgment was also filed by Plaintiff on November 12, 2010; and it further

**APPEARING** that, shortly thereafter, on December 6, 2010, Defendants the Ivey Law Firm and Ivey each filed an Answer to the Complaint; and it further

**APPEARING** that the Third Circuit disfavors the entry of default judgment and prefers that cases be decided on their merits;[1] and it further

**APPEARING** that the Court may set aside the entry of default against a defendant for "good cause;"[2] and it further

**APPEARING** that the decision to set aside the entry of default is left to the Court's discretion;[3] and it further

**APPEARING** that governing jurisprudence directs that any doubts concerning whether a default should be vacated "should be resolved in favor of setting aside the default and reaching a decision on the merits;"[4] and it further

**APPEARING** that the Court finds that there is good cause for vacating the entry of default against the Ivey Law Firm and Ivey because Plaintiff will not be prejudiced by allowing these Defendants to defend the case on the merits, the Answers filed by these defendants raise potentially meritorious defenses, and there is no indication that the default was the result of these

---

[1] *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984).

[2] Fed.R.Civ.P. 55(c).

[3] *United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 194.

[4] *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983).

Defendants' culpable conduct;[5] and it further

**APPEARING** that the Court thus concludes that default judgment against Defendants the Ivey Law Firm and Ivey should not be entered; therefore,

**IT IS** on this 11th day of January, 2011,

**ORDERED** that Plaintiff's motion for entry of default judgment against the Ivey Law Firm and Ivey [docket entry 31] be and hereby is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall vacate the November 12, 2010 entry of default against the Ivey Law Firm and Ivey.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

---

[5] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).