180788

Jerome Reisman, Esq.
REISMAN, PEIREZ & REISMAN LLP
1305 Franklin Avenue
P.O. Box 119
Garden City, New York  11530
Telephone: (516) 746-7799
Facsimile: (516) 742-4946
Email: jreisman@reismanpeirez.com

Arthur L. Porter Jr., Esq.
FISCHER PORTER THOMAS & REINFELD, P.C.
180 Sylvan Avenue
2nd Floor
Englewood Cliffs, NJ 07632
Telephone: (201) 569-5959
Facsimile: (201) 871-4544
Email: aporter@fpmtlaw.com

Attorneys for Defendants RD Legal Funding Partners, LP,
RD Legal Capital, LLC and Roni Dersovitz

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------------X

BREVET CAPITAL SPECIAL OPPORTUNITIES :
MASTER FUND III, LP

             Plaintiffs,

     - against -

CASE NO:
2:10-CV-04881-SRC-MAS

RD LEGAL FUNDING PARTNERS, LP; RD LEGAL
CAPITAL, LLC; RONI DERSOVITZ;
GARVE W. IVEY, JR., P.C. d/b/a
THE IVEY LAW FIRM and GARVE W. IVEY, JR.,

           Defendants.

-------------------------------------------------------------------X

## ANSWER AND CROSSCLAIM OF DEFENDANTS RD LEGAL FUNDING
## PARTNERS, LP, RD LEGAL CAPITAL, LLC AND RONI DERSOVITZ

- 1 -

180788

Defendants RD Legal Funding Partners, LP ("RD Legal"), RD Legal

Capital, LLC ("RD Capital") and Roni Dersovitz ("Dersovitz," and collectively, the "RD

Defendants"), by and through their undersigned counsel, as and for their Answer to the

Amended Complaint of plaintiff Brevet Capital Special Opportunities Master Fund III,

LP ("Brevet" or "Plaintiff") and crossclaim against defendants Garve W. Ivey, Jr., P.C.

d/b/a The Ivey Law Firm and Garve W. Ivey, Jr. (the "Ivey Defendants"), state as

follows:

1.      Deny the allegations contained in paragraph "1" of the Amended

Complaint, except, insofar as the allegations contained in paragraph "1" of the Amended

Complaint are directed towards the Ivey Defendants, the RD Defendants can neither

admit nor deny the allegations contained in paragraph "1" of the Amended Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "2" of the Amended Complaint.

3.      Admit the allegations contained in paragraph "3" of the Amended

Complaint.

4.      Admit the allegations contained in paragraph "4" of the Amended

Complaint.

5.      Admit that Dersovitz is a citizen of New Jersey, an attorney admitted

to practice in the State of New York, controlled RD Legal and RD Legal Capital, and the

"RD" in RD Legal and RD Capital stands for "Roni Dersovitz".  The remaining

allegations contained in paragraph "5" of the Amended Complaint constitute a legal

- 2 -

conclusion which does not warrant a response, but to the extent a response is required, deny the remaining allegations contained in paragraph "5" of the Amended Complaint.

      6.     Can neither admit nor deny the allegations contained in paragraph "6" of the Amended Complaint.

      7.     Can neither admit nor deny the allegations contained in paragraph "7" of the Amended Complaint.

      8.     The allegation contained in paragraph "8" of the Amended Complaint constitutes a legal conclusion which does not warrant response.  To the extent a response is required, the RD Defendants deny this Court has original jurisdiction over this matter because the operative Master Participation Agreement ("MPA") between Brevet and RD Legal is not a "security," as defined by the federal Securities Exchange Acts of 1933 or 1934.

      9.     The allegation contained in paragraph "9" of the Amended Complaint constitutes a legal conclusion which does not warrant a response.  To the extent a response is required, the RD Defendants deny venue is proper in this District.

      10.    Admit the allegations contained in paragraph "10" of the Amended Complaint.

      11.    Deny the allegations contained in paragraph "11" of the Amended Complaint, except admit Dersovitz owns RD Legal and RD Capital.

      12.    Admit the allegations contained in paragraph "12" of the Amended Complaint.

180788

13.     Deny the allegations contained in paragraph "13" of the Amended Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Amended Complaint and respectfully refer the Court to the MPA for its true and accurate terms.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Amended Complaint and respectfully refer the Court to the MPA for its true and accurate terms.

16.     Admit the allegations contained in paragraph "16" of the Amended Complaint.

17.     Can neither admit nor deny the allegations contained in paragraph "17" of the Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Amended Complaint.

19.     Admit the allegations contained in paragraph "19" of the Amended Complaint, except deny Brevet's characterization that it reasonably relied upon the Master Assignment and Sale Agreement in entering into the MPA.  Further, the RD Defendants aver that the governing MPA provides that Brevet represented and warranted that it is a "sophisticated entity" with respect to the MPA, is able to bear the economic risk associated with its participation interest in legal fees under the MPA and "has independently and without reliance upon [RD Legal], and based on such information as

- 4 -

180788

[Brevet] has deemed appropriate, made its own analysis and decision to enter into this [MPA]. *See* MPA, Ex. A to Amended Complaint, at ¶11(f).

20.   Admit the allegations contained in paragraph "20" of the Amended Complaint.

21.   Admit the allegations contained in paragraph "21" of the Amended Complaint.

22.   Admit the allegations contained in paragraph "22" of the Amended Complaint.

23.   Deny the allegations contained in paragraph "23" of the Amended Complaint.

24.   Deny the allegations contained in paragraph "24" of the Amended Complaint, except admit Brevet paid $983,149.81 and purchased an undivided participation interest in the Ivey Defendants' legal fees from the *Bextra/Celebrex* litigation. Further, the RD Defendants aver that the MPA expressly provides that October 16, 2009, and not November 18, 2009, is the "Effective Date" in which Brevet participated in the Ivey transaction. *See* MPA, Ex. A to Amended Complaint, at Recitals ¶11(C) and Schedule I thereto. The RD Defendants also aver that October 16, 2009, and not November 18, 2009, was the date on which Brevet transferred $983,149.81 to purchase its participation interest in the Ivey transaction and the date on which Brevet began charging the RD Defendants interest due to Brevet's participation interest in the Ivey transaction.

180788

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Amended Complaint, except deny Brevet's characterization that the MPA was not executed until November 18, 2009.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint, except deny the allegations contained in paragraph "26" of the Amended Complaint insofar as they characterize the MPA as being executed on November 18, 2009.  The RD Defendants respectfully refer the Court to the November 9, 2009 correspondence from Steve Berman to Roni Dersovitz for its true and accurate contents.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Amended Complaint, and respectfully refer the Court to the November 9, 2009 correspondence from Steve Berman to Roni Dersovitz for its true and accurate terms.

28.     Can neither admit nor deny the allegations contained in paragraph "28" of the Amended Complaint.

29.     Can neither admit nor deny the allegations contained in paragraph "29" of the Amended Complaint.

30.     Admit Dersovitz received a fax from Steve Berman as alleged in paragraph "30" of the Amended Complaint, but can neither admit nor deny Brevet's allegations insofar as they allege Ivey committed fraud, and respectfully refer the Court to the November 9, 2009 correspondence from Steve Berman to Roni Dersovitz for its true and accurate contents.  Further, the RD Defendants deny the allegations contained in

paragraph "30" of the Amended Complaint, insofar as they characterize the MPA as being executed on November 18, 2009.

      31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Amended Complaint, except deny the allegations contained in paragraph "31" of the Amended Complaint to the extent they characterize Dersovitz as having an affirmative obligation to inform Brevet of Steve Berman's fax.

      32.    Deny the allegations contained in paragraph "32" of the Amended Complaint.  Further, the RD Defendants aver that the MPA was executed on October 16, 2009, rather than November 18, 2009.  Further, the RD Defendants aver that the MPA expressly provides that October 16, 2009, and not November 18, 2009, is the "Effective Date" in which Brevet participated in the Ivy transaction.  *See* MPA, Ex. A to Amended Complaint, at Recitals ¶11(C) and Schedule I thereto.  The RD Defendants also aver that October 16, 2009, and not November 18, 2009, was the date on which Brevet transferred $983,149.81 to purchase its participation interest in the Ivey transaction and the date on which Brevet began charging the RD Defendants interest due to Brevet's participation interest in the Ivey transaction.

      33.    Deny the allegations contained in paragraph "33" of the Amended Complaint.

      34.    Deny the allegations contained in paragraph "34" of the Amended Complaint.

35.     Deny the allegations contained in paragraph "35" of the Amended Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Amended Complaint.

37.     Deny the allegations contained in paragraph "37" of the Amended Complaint.

38.     Deny the allegations contained in paragraph "38" of the Amended Complaint.

39.     Deny the allegations contained in paragraph "39" of the Amended Complaint.

40.     Deny the allegations contained in paragraph "40" of the Amended Complaint.

41.     Admit the allegations contained in paragraph "41" of the Amended Complaint to the extent they allege Dersovitz met with Sam Schuster and Mark Callahan, but deny the characterizations in paragraph "41" accurately and completely reflect the full purpose and intent of Dersovitz, Mark Callahan and Sam Schuster in their communications, and deny knowledge or information sufficient to form a belief concerning the extent of Brevet's business ties with PartnerRe.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Amended Complaint.

43.     Admit the allegations contained in paragraph "43" of the Amended Complaint, except deny the characterizations in paragraph "43" accurately and

180788

completely reflect the communications between Dersovitz and PartnerRe on December 16, 2009.

44.     Admit the allegations contained in paragraph "44" of the Amended Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Amended Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Amended Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Amended Complaint.

48.     Deny the allegations contained in paragraph "48" of the Amended Complaint.

49.     Admit that on or about August 18, 2010, Dersovitz emailed Tom DeClemente, but deny the characterizations in paragraph "49" of the Amended Complaint completely and accurately reflect said email without reference to the entirety of said email.  The RD Defendants respectfully refer the Court to the August 18, 2010 email for its true and accurate contents.

50.     Deny the allegations contained in paragraph "50" of the Amended Complaint, except admit on or about August 18, 2010, Dersovitz forwarded Steve Berman's November 9, 2009 fax to Brevet.

180788

51.      Deny the allegations contained in paragraph "51" of the Amended Complaint, except admit that Dersovitz and RD Capital continue to disavow any responsibility for any fraud perpetrated by the Ivey Defendants.

52.      Deny the allegations contained in paragraph "52" of the Amended Complaint.

## ANSWERING COUNT I

53.      In response to paragraph "53" of the Amended Complaint, the RD Defendants repeat, reallege and incorporate each and every response to paragraphs "1" through "52".

54.      Deny the allegations contained in paragraph "54" of the Amended Complaint.

55.      Deny the allegations contained in paragraph "55" of the Amended Complaint.

56.      Deny the allegations contained in paragraph "56" of the Amended Complaint.

57.      Can neither admit nor deny the allegations contained in paragraph "57" of the Amended Complaint.

58.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Amended Complaint.

59.      Deny the allegations contained in paragraph "59" of the Amended Complaint.

60.     Deny the allegations contained in paragraph "60" of the Amended Complaint.

61.     Deny the allegations contained in paragraph "61" of the Amended Complaint.

62.     Deny the allegations contained in paragraph "62" of the Amended Complaint.

63.     Deny the allegations contained in paragraph "63" of the Amended Complaint.

## ANSWERING COUNT II

64.     In response to paragraph "64" of the Amended Complaint, the RD Defendants repeat, reallege and incorporate each and every response to paragraphs "1" through "63".

65.     Deny the allegations contained in paragraph "65" of the Amended Complaint, except admit Dersovitz owned and operated RD Legal and RD Legal Capital.

66.     Deny the allegations contained in paragraph "66" of the Amended Complaint.

67.     Can neither admit nor deny the allegations contained in paragraph "67" of the Amended Complaint.

68.     Can neither admit nor deny the allegations contained in paragraph "68" of the Amended Complaint.

69.     Deny the allegations contained in paragraph "69" of the Amended Complaint, except, insofar as the allegations contained hereto are directed towards the

180788

Ivey Defendants, the RD Defendants can neither admit nor deny the allegations contained in paragraph 69 of the Amended Complaint.

70.     Deny the allegations contained in paragraph "70" of the Amended Complaint.

## ANSWERING COUNT III

71.     In response to paragraph "71" of the Amended Complaint, the RD Defendants repeat, reallege and incorporate each and every response to paragraphs "1" through "70".

72.     Deny the allegations contained in paragraph "72" of the Amended Complaint, except, insofar as the allegations contained hereto are directed towards the Ivey Defendants, the RD Defendants can neither admit nor deny the allegations contained in paragraph "72" of the Amended Complaint.

73.     Deny the allegations contained in paragraph "73" of the Amended Complaint.

74.     Can neither admit nor deny the allegations contained in paragraph "74" of the Amended Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Amended Complaint.

76.     Deny the allegations contained in paragraph "76" of the Amended Complaint.

77.     Deny the allegations contained in paragraph "77" of the Amended Complaint.

78.     Deny the allegations contained in paragraph "78" of the Amended Complaint.

79.     Deny the allegations contained in paragraph "79" of the Amended Complaint.

### ANSWERING COUNT IV

80.     In response to paragraph "80" of the Amended Complaint, the RD Defendants repeat, reallege and incorporate each and every response to paragraphs "1" through "79".

81.     Deny the allegations contained in paragraph "81" of the Amended Complaint, except admit the allegations contained in paragraph "81" of the Amended Complaint selectively quote from a provision of the MPA, but deny that the characterizations in paragraph "81" completely or accurately reflect the relevant provisions of the MPA.  The RD Defendants respectfully refer the Court to the entire MPA for its full and accurate terms.

82.     Deny the allegations contained in paragraph "82" of the Amended Complaint.

83.     Can neither admit nor deny the allegations contained in paragraph "83" of the Amended Complaint.

84.     Deny the allegations contained in paragraph "84" of the Amended Complaint.

85.     Deny the allegations contained in paragraph "85" of the Amended Complaint, except, insofar as the allegations contained hereto are directed towards the

Ivey Defendants, the RD Defendants can neither admit nor deny the allegations contained in paragraph "85" of the Amended Complaint.

## **ANSWERING COUNT V**

86.     In response to paragraph "86" of the Amended Complaint, the RD Defendants repeat, reallege and incorporate each and every response to paragraphs "1" through "85".

87.     Deny the allegations contained in paragraph "87" of the Amended Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Amended Complaint and respectfully refer the Court to the MPA for its true and accurate terms

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the Amended Complaint and respectfully refer the Court to the MPA for its true and accurate terms

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Amended Complaint and respectfully refer the Court to the MPA for its true and accurate terms

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the Amended Complaint and respectfully refer the Court to the MPA for its true and accurate terms

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Amended Complaint and respectfully refer the Court to the MPA for its true and accurate terms

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the Amended Complaint and respectfully refer the Court to the MPA for its true and accurate terms

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "94" of the Amended Complaint and respectfully refer the Court to the MPA for its true and accurate terms

95.     Deny the allegations contained in paragraph "95" of the Amended Complaint.

## ANSWERING COUNT VI

96.     In response to paragraph "96" of the Amended Complaint, the RD Defendants repeat, reallege and incorporate each and every response to paragraphs "1" through "95".

97.     Can neither admit nor deny the allegations contained in paragraph "97" of the Amended Complaint.

98.     Can neither admit nor deny the allegations contained in paragraph "98" of the Amended Complaint.

99.     Can neither admit nor deny the allegations contained in paragraph "99" of the Amended Complaint.

180788

100.    Can neither admit nor deny the allegations contained in paragraph "100" of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

101.    Brevet has failed to state a cause of action for which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

102.    Brevet's claims are barred by the doctrines of waiver, estoppel and release because, among other things, Brevet expressly represented and warranted that it is a sophisticated entity with respect to the MPA, is able to bear the economic risks associated with its participation interest in the Ivey Defendants' legal fees, and has independently and without reliance upon the RD Defendants, and based on information Brevet deemed appropriate, made its own analysis and decision to enter into the MPA.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

103.    At the time of executing the Master Participation Agreement, Brevet and the RD Defendants were mutually mistaken as to the amount of legal fees to which the Ivey Defendants were entitled from the *Bextra/Celebrex litigation*.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

104.    Brevet's claims are barred in whole, or in part, by the doctrine of contributory negligence because, among other things, Brevet's failure to conduct its own independent investigation and analysis contributed to its own loss.

180788

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

105.   The Master Participation Agreement is not a "security" as defined by the federal securities exchange acts.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

106.   Brevet assumed its own risk in entering the Master Participation Agreement because, among other reasons, the Master Participation Agreement is nonrecourse to the RD Defendants, and Brevet expressly represented and warranted that it is a sophisticated entity with respect to the MPA, is able to bear the economic risks associated with its assumption of the Ivey Defendants' purported legal fees, and has knowledge and experience so as to be aware of the risks and uncertainties inherent in the purchase of rights and assumption of liabilities of the type contemplated in the MPA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

107.   Brevet's alleged loss, and all of it, is a result of the acts and omissions of the Ivey Defendants.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

108.   The RD Defendants have neither participated in nor furthered any act of fraud, and at all times, acted without scienter or any intention to defraud.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

109.   Defendant Dersovitz is not a "controlling person" of defendants RD Legal or RD Capital within the meaning of Section 20 of the Securities Exchange Act of 1934.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

180788

110.    None of the RD Defendants owed any fiduciary duty to Brevet.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

111.    The RD Defendants did not breach or otherwise violate any

warranties, representations or any other terms of the Master Participation Agreement.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

112.    This Court lacks subject matter jurisdiction over this action

## RESERVATION OF RIGHTS

113.    The RD Defendants reserve all of their rights to amend or

supplement this Answer to assert any or all other additional defenses or affirmative

defenses to the Amended Complaint, as well as any crossclaims against the Ivey

Defendants, and counterclaims or similar forms of relief against Plaintiff.

## AS AND FOR A CROSSCLAIM AGAINST DEFENDANTS GARVE W. IVEY, JR. P.C. d/b/a THE IVEY LAW FIRM AND GARVE W. IVEY, JR.

114.    This Court has jurisdiction of this crossclaim pursuant to 28 U.S.C. §

1332 based on the diversity of citizenship between the crossclaimants, the RD

Defendants, and the crossdefendants, the Ivey Defendants, and supplemental jurisdiction

of this crossclaim under 28 U.S.C. § 1367(a) because it arises out of the same transaction

and occurrence alleged in Brevet's Amended Complaint so as to form a part of the same

case or controversy within the meaning of Article III of the United States Constitution.

115.    The RD Defendants are entitled to contribution or indemnity from

the Ivey Defendants for any liability that may be found to exist from any, or all, of the

RD Defendants to Brevet in this action as a result of the alleged occurrences which are the basis of Brevet's suit.

116.   The basis for contribution and indemnity is that the Ivey Defendants are wholly responsible, or responsible in substantial part, for the injuries or damages alleged by Brevet in its Amended Complaint.

117.   Indeed, Brevet's loss is entirely attributable to the fraud perpetrated on both the RD Defendants and Brevet by the Ivey Defendants.

118.   On or about September 28, 2009, pursuant to a Master Assignment and Sale Agreement, RD Legal agreed to pay The Ivey Law Firm the sum of $983,149.81 to purchase legal fees purportedly due to The Ivey Law Firm that The Ivey Law Firm warranted and represented were in the amount of $1,730,725.71, resulting from its representation of certain plaintiffs in the *Bextra/Celebrex litigation*. *See* Sale Agreement, Ex. B to Amended Complaint, at Schedule A-7.

119.   Brevet alleges that it later entered into the MPA with RD Legal and paid $983,149.81 to purchase an undivided participation interest in these same legal fees purportedly due to The Ivey Law Firm.

120.   Brevet further alleges that it purchased an undivided participation interest in these purported legal fees in reliance upon the Ivey Defendants' intentional and willful misrepresentations that The Ivey Law Firm billed over 3,000 hours in the *Bextra/Celebrex litigation*, amounting to a total of more than $2.5 million in legal fees. Brevet also alleges that, in truth and fact, The Ivey Law Firm actually billed only 165

hours in the *Bextra/Celebrex litigation*, amounting to merely $61,875 in legal fees.  Thus, Brevet alleges it was defrauded into purchasing fictitious legal fees.

121.   Brevet has asserted claims of securities fraud, control person liability, common law fraud, breach of fiduciary duty and breach of contract against the RD Defendants based on the allegations that the RD Defendants concealed the Ivey Defendants' fraud.

122.   However, at the time Brevet and RD Legal executed the MPA, the RD Defendants were not aware of the alleged fraud perpetrated by the Ivey Defendants of apparently drastically misrepresenting the amount of legal fees to which the Ivey Law Firm were entitled.  The RD Defendants were also a victim of the Ivey Defendants' fraud.

123.   Thus, in this crossclaim, the RD Defendants contend that the sole, or, in the alternative, a substantial proximate cause of Brevet's injuries or damages was the alleged fraud perpetrated by the Ivey Defendants, and not any act, failure to act, or conduct of the RD Defendants.

124.   Therefore, under the equitable principles and the rules of law governing this action, the RD Defendants are entitled to indemnity, or in the alternative, to contribution from The Ivey Law Firm and Garve W. Ivey, Jr., jointly and severally, for the RD Defendants' share of the responsibility for the injuries or damages to Brevet as determined by the trier of fact.

## DEMAND FOR JURY TRIAL

125.   The RD Defendants hereby demand a trial by jury.

180788

**WHEREFORE**, the RD Defendants demand as follows:

(a)     Judgment dismissing the Amended Complaint;

(b)     That the RD Defendants be awarded their costs, disbursements and attorneys' fees incurred in the defense of this action;

(c)     That if any judgment is entered in this action against RD Legal, RD Capital and/or Dersovitz, that The Ivey Law Firm and Garve W. Ivey, Jr., jointly and severally, be held solely responsible for Brevet's injuries and damages and that RD Legal, RD Capital and Dersovitz recover from and be indemnified by The Ivey Law Firm and Garve W. Ivey, Jr., or, in the alternative, that RD Legal, RD Capital and/or Dersovitz be awarded judgment against The Ivey Law Firm and Garve W. Ivey, Jr. for contribution according to their respective percentages of responsibility determined by the trier of fact; and

(d)     For any and all other relief as the Court deems just and proper.

Dated:  Englewood Cliffs, New Jersey
        March 17, 2011

Jerome Reisman, Esq.                         Respectfully submitted,
REISMAN, PEIREZ & REISMAN LLP
1305 Franklin Avenue                         RD LEGAL FUNDING PARTNERS, LP;
P.O. Box 119                                 RD LEGAL CAPITAL, LLC and RONI
Garden City, New York  11530                 DERSOVITZ
Telephone: (516) 746-7799
Facsimile: (516) 742-4946                    By: /s/ Arthur L. Porter Jr._____
Email: jreisman@reismanpeirez.com              One of the RD Defendants' Attorneys

180788

Arthur L. Porter Jr., Esq.
FISCHER PORTER THOMAS & REINFELD, P.C.
180 Sylvan Avenue
2nd Floor
Englewood Cliffs, NJ 07632
Telephone: (201) 569-5959
Facsimile: (201) 871-4544
Email: aporter@fpmtlaw.com

180788

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

I hereby certify that, to the best of my knowledge, this matter is not the subject of any other pending action pending in any Court or of any pending arbitration or administrative proceeding.

.

By: <u>/s/ Arthur L. Porter Jr.            </u>
One of the RD Defendants' Attorneys

Dated: March 17, 2011