HACK, PIRO, O'DAY,
MERKLINGER, WALLACE & McKENNA
30 Columbia Turnpike
P.O. Box 941
Florham Park, New Jersey 07932
(973) 301-6500
Attorneys for Defendants, Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C.
d/b/a The Ivey Law Firm

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BREVET CAPITAL SPECIAL OPPORTUNITES MASTER FUND III, LP,<br><br>Plaintiff,<br><br>-against-<br><br>RD LEGA FUNDING PARTNERS, LP; RD LEGAL CAPITAL LLC; RONI DERSOVITZ; GARVE W. IVEY, JR. P.C. d/b/a THE IVEY LAW FIRM; and GARVE W. IVEY, JR.<br><br>Defendants. | CIVIL ACTION: 2:10-cv-04881<br>(SRC) (MAS)<br><br>NOTICE OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL TO DEFENDANTS, GARVE W. IVEY, JR., P.C. d/b/a THE IVEY LAW FIRM and GARVE W. IVEY, JR., |

Dean A. Dickie, Esq.
Miller, Canfield, Paddock & Stone, PLC
225 West Washington Street, Suite 2600
Chicago, Illinois 60606

Attorneys for Plaintiff, Brevet Capital
Special Opportunities Master Fund III, LP

Paul J. Giblin, Jr., Esq.
Giblin & Giblin
2 Forest Avenue
Oradell, NJ 07649
Attorney for Plaintiff, Brevet Capital
Special Opportunities Master Fund, III, LP

Jerome Reisman, Esq.
Reisman, Peirez & Reisman, LLP
1305 Franklin Avenue
P.O. Box 119
Garden City, NY 11530
Attorneys for Defendants RD Legal
Funding Partners, LP, RD Legal
Capital, LLC and Roni Dersovitz

Arthur Porter, Esq.
Fischer Porter Thomas & Reinfeld
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
Attorneys for Defendants, RD Legal
Funding Partners, LP, RD Legal
Capital, LLC and Roni Dersovitz

Garve W. Ivey, Jr., Esq.
The Ivey Law Firm
315 West 19th Street
P.O. Box 1349
Jasper, AL 35502-1349

**PLEASE TAKE NOTICE** that pursuant to the Court's Order on Informal Application dated May 27, 2011, the undersigned attorneys for defendants, Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm, will move before the Honorable Michael A. Shipp, U.S.M.J., United States District Court, District of New Jersey, at Martin Luther King Jr. Federal Building & U.S. Courthouse, Newark, New Jersey on June 20, 2011 at 10:00 a.m. or as soon thereafter as counsel may be heard, for the entry of an Order pursuant to L. Civ. R. 102.1 granting Hack, Piro, O'Day, Merklinger, Wallace & McKenna, leave to withdraw as counsel to defendants, Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm.

**PLEASE TAKE FURTHER NOTICE** that moving counsel will rely upon the accompanying Declaration of Thomas M. Madden, Esq., and Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

HACK, PIRO, O'DAY, MERKLINGER,
WALLACE & McKENNA

_/s/ Thomas M. Madden_
THOMAS M. MADDEN, ESQ.
Attorneys for Defendants,
Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C.
d/b/a The Ivey Law Firm

Dated: May 27, 2011

HACK, PIRO, O'DAY,
MERKLINGER, WALLACE & McKENNA
30 Columbia Turnpike
P.O. Box 941
Florham Park, New Jersey 07932
(973) 301-6500
Attorneys for Defendants, Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C.
d/b/a The Ivey Law Firm

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BREVET CAPITAL SPECIAL OPPORTUNITES MASTER FUND III, LP,<br><br>　　Plaintiff,<br><br>-against-<br><br>RD LEGA FUNDING PARTNERS, LP; RD LEGAL CAPITAL LLC; RONI DERSOVITZ; GARVE W. IVEY, JR. P.C. d/b/a THE IVEY LAW FIRM; and GARVE W. IVEY, JR.<br><br>　　Defendants. | CIVIL ACTION: 2:10-cv-04881<br>(SRC) (MAS)<br><br>DECLARATION OF THOMAS M. MADDEN IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL |

**THOMAS M. MADDEN,** hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney at law of the State of New Jersey, a member of the Bar of this Court and a member of Hack, Piro, O'Day, Merklinger, Wallace & McKenna, (Hack Piro) attorneys for defendants, Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm, (Ivey defendants) as

            they relate to plaintiff's Complaint in this matter. I have personal knowledge of the facts addressed hereto.

2. I make this Declaration in support of Hack Piro's Motion for Leave to Withdraw as Counsel to defendants, Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm, on all claims and Crossclaims against these defendants.

3. The Hack Piro firm first entered an appearance in this matter on December 6, 2010 when it filed an Answer on behalf of Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm and Garve W. Ivey, Jr..

4. Since the commencement of this action and the filing of an Answer on behalf of the Ivey defendants, assistance and contact with the client has deteriorated to no communications or assistance from the client in the defense of this matter.

5. The client has substantially failed to fulfill their obligation to assist in the defense of this matter and respond to this firm's repeated requests for succor and communication.

6. Since the filing of the Answer on behalf of the defendants, they have been given reasonable warnings that the Hack Piro firm would seek to withdraw as it's counsel unless there was a dramatic change in the dynamics between counsel and client. This has not occurred.

7. By virtue of the foregoing, the Hack Piro is left in the untenable position of representing a client, Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm, without the assistance of said client.

I declare under penalty of perjury that the foregoing is true and correct.

_____
THOMAS M. MADDEN, ESQ.

Dated: May 27, 2011

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

BREVET CAPITAL SPECIAL OPPORTUNITES
MASTER FUND III, LP,

      Plaintiff,

-against-

RD LEGA FUNDING PARTNERS, LP; RD
LEGAL CAPITAL LLC; RONI DERSOVITZ;
GARVE W. IVEY, JR. P.C. d/b/a THE IVEY
LAW FIRM; and GARVE W. IVEY, JR.

      Defendants.

---

CIVIL ACTION: 2:10-cv-04881
(SRC) (MAS)

RETURN DATE: June 20, 2011

## MEMORANDUM OF LAW IN SUPPORT OF HACK, PIRO, O'DAY, MERKLINGER, WALLACE & McKENNA'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL TO DEFENDANTS, GARVE W. IVEY, JR., P.C. d/b/a THE IVEY LAW FIRM and GARVE W. IVEY, JR.

HACK, PIRO, O'DAY,
MERKLINGER, WALLACE & McKENNA
30 Columbia Turnpike
P.O. Box 941
Florham Park, New Jersey 07932
(973) 301-6500
Attorneys for Defendants, Garve W. Ivey, Jr., and
Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm

On Brief:
Thomas M. Madden, Esq.

## **TABLE OF CONTENTS**

<u>Page</u>

PRELIMINARY STATEMENT ………………………………………….   1

STATEMENT OF FACTS & PROCEDURAL HISTORY ………………….. 2

LEGAL ARGUMENT ………………………………………………….....   3

     POINT I …………………………………………………………..   3

THE COURT SHOULD PERMIT THE HACK PIRO FIRM TO WITHDRAW AS COUNSEL TO GARVE DEFENDANTS BECAUSE THE FIRM CAN ESTABLISH GOOD CAUSE PURSUANT TO RPC 1.16(b); WITHDRAWL WILL NOT PREJUDICE THE LITIGANTS OR DELAY THE CASE; AND THE FIRM'S CONTINUED APPPEARANCE "SERVES NO MEANINGFUL PURPOSE" ……………………………   3

CONCLUSION ……………………………………………………….....   4

## TABLE OF AUTHORITIES

**Cases**   **Page**

Haines v. Liggett Group, Inc., 814 F. Supp. 414, 422 (D.N.J. 1993) ................... 3

U.S. ex. Rel., Cherry Hill Convalescent Ctr. V. Healthcare Rehab. Sys., 994 F. Supp. 244, 252-53 (D.N.J. 1997) ...................................................... 4

Buschmeier 222 Fed. Appx. at 164 (citing Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Ins. Co., 310 F. 3d 537 (7th Cir 2002) ............... 4

Bogart v. Moda Entertainment, NO. 08-5712 (KSH) (MAS), 2009 U.S. Dist. Lexis 64969 at *4 (D. N.J. July 27, 2009) .............................................4

**Rules**

N.J. RPC 1.16(b) ……………………………………………………………….. ….3,4

## PRELIMINARY STATEMENT

Hack, O'Day, Merklinger, Wallace & McKenna, (the "Hack Piro Firm") submits this Memorandum of Law in support of its motion, pursuant to Local Civil Rule 102.1 to withdraw as counsel for defendants, Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm ("Ivey") in this action. This Court should grant the motion because:

- The Hack Piro firm has established "good cause" under R.P.C. 1.16(b);
- Withdrawal will not cause prejudice to the other litigants or delay the case;
- If leave to withdraw is not granted, the Hack Piro firm, will suffer undue financial hardship as a result of participating in remaining discovery and through trial, without the assistance of their client and there being no assurances as to the source of funds to pay either past or future fees and costs of services rendered.

## STATEMENT OF FACTS & PROCEDURAL HISTORY

The Hack Piro firm appeared in this action on December 6, 2010 representing Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm.

Over the past few months, Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm and Garve W. Ivey, Jr., have substantially failed to fulfill their obligations to assist in the defense of this matter on their behalf. Lastly, the most recent Discovery Scheduling Order dictates that responses to requests for documents and interrogatories shall be provided by June 17, 2011.

<u>LEGAL ARGUMENT</u>

POINT I

THE COURT SHOULD PERMIT THE HACK PIRO FIRM TO WITHDRAW AS COUNSEL TO GARVE W. IVEY, JR., P.C. d/b/a THE IVEY LAW FIRM AND GARVE W. IVEY,JR., BECAUSE THE FIRM CAN ESTABLISH GOOD CAUSE PURSUANT TO R.P.C. 1:16(b); WITHDRAWL WILL NOT PREJUDICE THE LITIGANTS OR DELAY THE CASE; AND THE FIRM'S CONTINUED APPEARANCE "SERVES NO MEANINGFUL PURPOSE"

Local Civil Rule 102.1 provides that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court". New Jersey Rule of Professional Conduct 1.16(b) permits an attorney to withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(5) the client fails substantially to fulfill an obligation to the lawyers regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good causes shown for withdrawal exists.

N.J. RPC 1.16(b); <u>see also</u> <u>Haines v. Liggett Group, Inc.</u>, 814 F. Supp. 414, 422 (D.N.J. 1993).

In reviewing an application for leave to withdraw, Courts in this District consider "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the

3

degree to which withdrawal will delay resolution of the case." Id. at 423; accord U.S. ex. Rel., Cherry Hill Convalescent Ctr. V. Healthcare Rehab. Sys., 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Here, the Hack Piro Firm can demonstrate good cause for withdrawal pursuant to RPC1.16(b). Without the assistance of the client, the Hack Piro Firm cannot legitimately participate in the discovery process. Without communication with the client, the Hack Piro Firm has no reasonable assurance that they will be compensated for their services.

Given the early stage of the litigation the other parties will not be prejudiced by Hack Piro's withdrawal and this action will not be delayed.

Hack Piro's continued participation in this matter serves "no meaningful purpose". In evaluating this argument the Court in its discretion must consider, "the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and [the] prejudice to other parties". Buschmeier 222 Fed. Appx. at 164 (citing Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Ins. Co., 310 F. 3d 537 (7th Cir 2002). See also Bogart v. Moda Entertainment, NO. 08-5712 (KSH) (MAS), 2009 U.S. Dist. Lexis 64969 at *4 (D. N.J. July 27, 2009) [2]

## CONCLUSION

For all of the foregoing reasons, the Hack Piro Firm respectfully requests that its Motion for Leave to Withdraw as Counsel to the Ivey defendants be granted.

Respectfully submitted,

THOMAS M. MADDEN, ESQ.

---

[2] A copy of the unreported decision is attached hereto.

4

**HACK, PIRO, O'DAY,
MERKLINGER, WALLACE & McKENNA**
30 Columbia Turnpike
P.O. Box 941
Florham Park, New Jersey 07932
(973) 301-6500
Attorneys for Defendants, Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C.
                            d/b/a The Ivey Law Firm

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BREVET CAPITAL SPECIAL OPPORTUNITES MASTER FUND III, LP,<br><br>    Plaintiff,<br><br>-against-<br><br>RD LEGA FUNDING PARTNERS, LP; RD LEGAL CAPITAL LLC; RONI DERSOVITZ; GARVE W. IVEY, JR. P.C. d/b/a THE IVEY LAW FIRM; and GARVE W. IVEY, JR.<br><br>    Defendants. | CIVIL ACTION: 2:10-cv-04881 (SRC) (MAS)<br><br>*Document Electronically filed*<br><br>ORDER GRANTING MOTION OF HACK, PIRO, O'DAY, MERKLINGER, WALLACE & McKENNA TO WITHDRAW AS COUNSEL FOR DEFENDANTS, GARVE W. IVEY, JR. P.C. d/b/a THE IVEY LAW FIRM and GARVE W. IVEY, JR. |

**THIS MATTER** having been opened to the Court by motion of Hack, Piro, O'Day, Merklinger, Wallace & McKenna, (Thomas M. Madden, Esq., appearing), counsel for defendants, Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm and Garve W. Ivey, Jr., on notice to Miller, Canfield, Paddock & Stone, P.L.C. (Dean A. Dickie, Esq., appearing) and Giblin & Giblin (Paul J. Giblin, Jr., Esq. appearing) counsel for plaintiff

Brevet Capital Special Opportunities Master Fund III, LP and Reisman, Peirez & Reisman, LLP (Jerome Reisman, Esq., appearing) and Fischer, Porter, Thomas & Reinfeld, P.C., (Arthur Porter, Esq., appearing), counsel for defendants, RD Legal Funding Partners, LP, RD Legal Capital, LLC and Ronie Dersovitz, Garvey W. Ivey, Jr., Esq. for the entry of an Order, pursuant to L. Civ. R. 102.1, granting, Hack, Piro, O'Day, Merklinger, Wallace & McKenna leave to withdraw as counsel for defendants, Garve W. Ivey, Jr., P.C., d/b/a The Ivey Law Firm and Garve W. Ivey, Jr., and the Court having considered the papers submitted and the arguments of counsel, and good cause having been shown;

**IT IS** on this _____ day of _____ 2011;

**ORDERED THAT**:

1. The motion be and the same hereby is GRANTED.

2. The law firm of Hack, Piro, O'Day, Merklinger, Wallace & McKenna, are permitted to withdraw as counsel for Garve W. Ivey, Jr., P.C., d/b/a The Ivey Law Firm and Garve W. Ivey, Jr., effective immediately;

3. A copy of this Order shall be served by Hack, Piro, O'Day, Merklinger, Wallace & McKenna, on all counsel of record and Garve W. Ivey, Jr., P.C., d/b/a The Ivey Law Firm and Garve W. Ivey, Jr., within seven (7) days of receipt.

_____
HON. MICHAEL A. SHIPP, U.S.M.J.

**HACK, PIRO, O'DAY,**
**MERKLINGER, WALLACE & McKENNA**
30 Columbia Turnpike
P.O. Box 941
Florham Park, New Jersey 07932
(973) 301-6500
Attorneys for Defendants, Garve W. Ivey, Jr., and Garve W. Ivey, Jr., P.C.
d/b/a The Ivey Law Firm

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BREVET CAPITAL SPECIAL OPPORTUNITES MASTER FUND III, LP, <br><br> Plaintiff, <br><br> -against- <br><br> RD LEGA FUNDING PARTNERS, LP; RD LEGAL CAPITAL LLC; RONI DERSOVITZ; GARVE W. IVEY, JR. P.C. d/b/a THE IVEY LAW FIRM; and GARVE W. IVEY, JR. <br><br> Defendants. | CIVIL ACTION: 2:10-cv-04881 (SRC) (MAS) <br><br> *Document Electronically filed* <br><br> CERTIFICATION OF SERVICE |

**THOMAS M. MADDEN**, of full age, upon his Certification, says:

1. I am an attorney-at-law of the State of New Jersey, a member of the Bar of this Court and a member of the law firm of Hack, Piro, O'Day, Merklinger, Wallace & McKenna, attorneys for defendants, Garve W. Ivey, Jr., P.C., d/b/a The Ivey Law Firm and Garve W. Ivey, Jr..

2. I hereby certify that on this date, I caused true and correct copies of the Notice of Motion for Leave to Withdraw as Counsel to defendants, Garve W. Ivey, Jr., P.C., d/b/a The Ivey Law Firm and Garve W. Ivey, Jr., Declaration of Thomas M. Madden in Support of Motion for Leave to

Withdraw as Counsel, Memorandum of Law in Support of Motion, proposed form of Order and this Certification of Service to be served on the following counsel of record:

**Dean A. Dickie, Esq.**
**Miller, Canfield, Paddock & Stone, P.L.C.**
225 West Washington Street, Suite 2600
Chicago, Illinois 60606
Attorneys for Plaintiff, Brevet Capital Special Opportunities Master Fund, III, LP

**Paul J. Giblin, Jr., Esq.**
**Giblin & Giblin**
2 Forest Avenue
Oradell, NJ 07649
Attorneys for Plaintiff, Brevet Capital Special Opportunities Master Fund, III, LP

**Jerome Reisman, Esq.**
**Reisman, Peirez & Reisman, LLP**
1305 Franklin Avenue
P.O. Box 119
Garden City, NY 11530
Attorneys for Defendants, RD Legal Funding Partners, LP, RD Legal Capital, LLC and Roni Dersovitz

**Arthur Porter, Esq.**
**Fischer, Porter, Thomas & Reinfeld, P.C.**
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
Attorneys for Defendants, RD Legal Funding Partners, LP, RD Legal Capital, LLC and Roni Dersovitz

via the Court's CM/ECF System.

      3.    I further certify that on this date, I caused true and correct copies of the foregoing papers to be served on :

**Garve W. Ivey, Jr., Esq.**
**The Ivey Law Firm**
315 West 19th Street
P.O. Box 1349
Jasper, AL 35502-1349
Defendants- garve@iveylawyers.com

via e-mail, regular U.S. Mail and Certified Mail, Return Receipt Requested.

    4.    I further certify that on this date, I caused true and correct courtesy copies of the foregoing papers to be delivered to:

Honorable Michael A. Shipp, U.S. M. J.
United Stated District Court
Martin Luther King Jr. Federal Building & US Court House
50 Walnut Street, Room PO 08
Newark, New Jersey 07102

via Federal Express- Priority Overnight Delivery.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*[signature]*
THOMAS M. MADDEN, ESQ.

Dated: May 27, 2011



1 of 11 DOCUMENTS

Re: Bogart v. Moda Entertainment

Civil Action No. 08-5712 (KSH)(MAS)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

2009 U.S. Dist. LEXIS 64969

July 24, 2009, Decided
July 27, 2009, Filed

**NOTICE:** NOT FOR PUBLICATION

**COUNSEL:** [*1] For STEPHEN HUMPHREY BOGART, Plaintiff: LINDA KENNEY-BADEN, LEAD ATTORNEY, NEW YORK, NY.

For MODA ENTERTAINMENT, INC., a Delaware Corporation, SHANNON MULHOLLAND, in her capacity as both Chairman and Secretary/Treasurer of Moda Entertainment and, Defendants: MATTHEW ADAM KAPLAN, LEAD ATTORNEY, COWAN DEBAETS ABRAMS & SHEPPARD, NEW YORK, NY.

**JUDGES:** HONORABLE MICHAEL A. SHIPP, United States Magistrate Judge.

**OPINION BY:** MICHAEL A. SHIPP

**OPINION**

**LETTER OPINION AND ORDER**

Dear Counsel:

This matter has come before the Court on the Motion to Withdraw as Counsel of Cowan, Debaets, Abrahams & Sheppard LLP ("The Firm")(Matthew A. Kaplan, Esq. appearing), attorneys for Defendants Moda Entertainment, Inc. and Shannon Mulholland. Plaintiff does not object to the motion.

Local Civil Rule 102.1 provides that, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." *New Jersey Rule of Professional Conduct 1.16(b)* permits an attorney to withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is [*2] criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the

lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good causes shown for withdrawal exists.

*N.J. RPC 1.16(b)*; see also *Haines v. Liggett Group, Inc., 814 F. Supp. 414, 422 (D.N.J. 1993)*.

Even if counsel seeking to withdraw demonstrates "good cause" as defined in *RPC 1.16(b)*, a decision with respect to withdrawal remains entirely within the discretion of the court. *RPC. 1.16(c)*; see also *Haines, 814 F. Supp. at 422* (finding that *RPC 1.16(c)* "provides that withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause"). Following a finding of good cause for withdrawal, the Court [*3] should also consider: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay the resolution of the case." *Haines, 814 F. Supp. at 423*; accord *U.S. ex. rel., Cherry Hill Convalescent Ctr. v. Healthcare Rehab. Sys., Inc., 994 F. Supp. 244, 252-253 (D.N.J. 1997)*.

Corporate entities can only appear in federal court through a licensed attorney. *Rowland v. California Men's Colony, 506 U.S. 194, 201-202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993)* ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel") (citing to *Osborn v. President of Bank of U.S., 22 U.S. 738, 9 Wheat. 738, 829, 6 L. Ed. 204 (1824)*); accord *Simbraw v. U.S., 367 F.2d 373 (3d Cir. 1966)*; see also *Buschmeier v. G&G Investments, Inc., 222 Fed. Appx. 160, 165 (3d Cir. 2007)* (Nygaard, J., concurring in part and dissenting in part) ("To me, the law is crystal clear: in federal courts, a corporation must be represented by counsel . . . . This requirement cannot be waived") (internal citations omitted). A law firm can withdraw from representing [*4] a corporation even before the corporation retains new counsel when the withdrawing firm "serves no meaningful purpose." *Buschmeier, 222 Fed. Appx. at 163*

(citing to *Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676 (3d Cir. 1986)* (per curiam)).

In determining whether an appearance serves "no meaningful purpose," the court must consider, "the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and [the] prejudice to other parties." *Buschmeier, 222 Fed. Appx. at 164* (citing *Fidelity Nat'l Title Ins. Co. of New York v. Intercountry Nat'l Title Ins. Co., 310 F.3d 537 (7th Cir. 2002)*).

Under the facts of the present case, the Court finds that The Firm's continued representation of Defendant serves "no meaningful purpose" and that the Plaintiff will suffer no prejudice from allowing The Firm to withdraw as counsel. The matter has not been scheduled for trial and Plaintiff has filed no opposition to the present motion for withdrawal.

Therefore, it is **ORDERED THAT:**

1. Cowan, Debaets, Abrahams & Sheppard LLP is hereby relieved as counsel for Defendants Moda Entertainment, Inc. and Shannon Mulholland.

2. Cowan, Debaets, Abrahams & Sheppard [*5] LLP is to serve a copy of this order on Defendants Moda Entertainment, Inc. and Shannon Mulholland by **July 31, 2009.**

3. Cowan, Debaets, Abrahams & Sheppard LLP must advise Defendants that they have until **August 31, 2009** to enter the appearance of new counsel.

4. This matter is scheduled for a telephone status conference on **September 3, 2009 at 2:30 p.m.** Counsel for Plaintiff must initiate the call to (973) 645-3827.

/s/ Michael A. Shipp

**HONORABLE MICHAEL A. SHIPP**

**United States Magistrate Judge**