UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------- x
BREVET CAPITAL SPECIAL OPPORTUNITIES :
MASTER FUND III, LP,                  :    CASE NO: 2:10-cv-04881-SRC-
                                      :    MAS
              Plaintiff,              :
                                      :    CIVIL ACTION
    -against-                         :
                                      :    **DISCOVERY
                                      :    CONFIDENTIALITY
RD LEGAL FUNDING PARTNERS, LP; RD     :    ORDER**
LEGAL CAPITAL, LLC; RONI DERSOVITZ;   :
GARVE W. IVEY, JR., P.C. d/b/a THE IVEY :
LAW FIRM and GARVE W. IVEY, JR.,      :
                                      :
              Defendants.             :
---------------------------------------------------------------- x

The parties to the above-captioned law suit possess information related to the subject matter of this action that is confidential, and they recognize that in the course of discovery and other proceedings, it may be necessary to disclose such information. Much of this information is, in turn, protected as trade secrets, proprietary information, and/or otherwise protected by law.

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 5.3, to protect trade secrets and proprietary information, the parties to this action, by and through their respective counsel, hereby stipulate to the following protective order for the protection of confidential information, documents and other things produced or given as part of the disclosure, discovery or litigation process in this action.

GOOD CAUSE SHOWN, IT IS HEREBY ORDERED THAT:

    1.    <u>Application of This Protective Order:</u> All information, testimony, things or documents filed with the Court or produced or given (either by a party or by a non-party) as part of discovery in this action shall be governed by this Protective Order ("Covered Matter"), including documents and things, portions of documents, answers to interrogatories, responses to requests for admissions of fact, depositions, transcripts of depositions, portions of briefs, memoranda or writings filed with or otherwise supplied to the Court, and technical or

commercial information derived therefrom deemed by any entity producing that information to be confidential information. This Protective Order permits the parties to designate certain material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereafter collectively referred to as "Confidential Material").

2. <u>Confidential Designation:</u> Counsel for a party or non-party (the "Designating Party") may designate as "CONFIDENTIAL" the whole or portions of any documents, information, materials, testimony or other things disclosed or produced in this action which constitute an actual trade secret or other confidential, non-public, proprietary business information where disclosure would cause the producing party to incur a clearly defined injury. Confidential Material may include, but is not limited to, tax returns, non-public financial records, and the terms of the Master Participation Agreement. The Designating Party shall act in good faith in accordance with applicable law, including Federal Rule of Procedure 26(c) and Local Rule 5.3, in designating information.

3. <u>Confidential – Attorneys-Eyes Only Designation:</u> A Designating Party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the whole or that portion of any confidential information that contains highly sensitive information that, if disclosed to a competitor, may cause competitive harm or injury, including but not limited to (a) trade secrets or (b) confidential and competitively sensitive internal due diligence processes and procedures. The Designating Party shall act in good faith in accordance with applicable law, including Federal Rule of Procedure 26(c) and Local Rule 5.3, in designating information.

4. <u>Designating and Marking Confidential Material:</u> Confidential Material to be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall be designated and marked as follows:

(a) <u>Documents:</u> Documents may be designated as "CONFIDENTIAL" by placing on each page the following legend (or equivalent thereof) on any such document:

"CONFIDENTIAL." Documents may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by placing on each page the following legend (or equivalent thereof) on any such document: "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b) <u>Magnetic or Optical Media Documents:</u> Where a document is produced in a magnetic or optical media (such as floppy diskette, tape, CD, DVD, or flash drive), the medium container and the medium itself shall both be marked or stickered with the appropriate confidentiality notice as described in ¶ 4(a) above, and the contents thereof shall be treated in accordance with this Protective Order. To the extent that any party prints any of the information contained on magnetic or optical media that is designated as Confidential Material, such printouts shall be marked as described in ¶ 4(a) above.

(c) <u>Physical Exhibits:</u> The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice described in ¶ 4(a) above.

(d) <u>Written Discovery:</u> In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality notice as described in ¶ 4(a) above shall be placed on each answer or response that contains Confidential Material.

(e) <u>Deposition Proceedings:</u> Whenever Confidential Material is to be disclosed in a deposition, prior to making such disclosure, the party proposing to do so shall use best efforts to inform the witness on the record that the use of such information is subject to the terms of this Stipulated Protective Order. If any person other than the witness is present at the deposition and does not come within the categories of persons defined in Paragraphs 9 or 10 of this Protective Order, that person shall not be permitted to be present while Confidential Material is used during the deposition.

(f)     Designation of Deposition Transcripts: The attorney for any party or third party may designate portions of a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by making such designation on the record during the deposition. The portions designated during the deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be separated and treated as Confidential Material consistent with the provisions of this Protective Order and shall be fully subject to the relevant provisions of this Protective Order. Transcripts that are not so designated on the record shall nevertheless be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until twenty-one (21) days after receipt of the deposition transcript by counsel during which period counsel may designate those portions of the deposition transcript (including exhibits) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate. All portions of any deposition transcript not designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as set forth herein shall be free from the provisions of this Protective Order.

5.      Protecting Confidential Material: All persons in possession of Confidential Material shall exercise reasonable and appropriate care with respect to its storage, custody or use in order to ensure that the confidential nature of such type or classification of information is securely maintained as provided in this Stipulated Protective Order.

6.      Improper Disclosure of Confidential Material: If any Confidential Material is disclosed to any person other than in a manner authorized by this Stipulated Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including without limitation the name, address, telephone number, and employer of the person to whom the disclosure was made), and shall

immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

7. <u>Inadvertent Misdesignation:</u> A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of the production shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter. Any such misdesignated material shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as soon as reasonably possible after the Designating Party becomes aware of the inadvertent failure to mark. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked. Within five (5) business days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof. If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder had the Confidential Material previously been designated as such, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Material consistent with this Stipulated Protective Order.

8. <u>Use of Confidential Material:</u> All material or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used only for purposes of this lawsuit (<u>Brevet Capital Special Opportunities Master Fund III, LP</u>, Case No. 10-cv-04881-SRC-MAS) and not for any other litigation, business or other purposes whatsoever.

9. <u>Disclosure of "Confidential – Attorneys' Eyes Only" Materials:</u> Confidential Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be given, shown, made available or communicated in any way to anyone other than:

(a) <u>Counsel.</u>  Outside counsel of record and in-house counsel for the respective parties to this litigation, including necessary secretarial, clerical and litigation support or copy service personnel assisting such counsel;

(b) <u>Consultants And Experts.</u>  Consultants or expert witnesses retained specifically for the prosecution, defense, or settlement of this litigation, provided that each such person executes, before receiving Confidential Material, a copy of the Confidentiality Declaration attached to this Protective Order as Exhibit A.  At any time within forty-five (45) days of the conclusion of this action or any appeal therefrom, whether by settlement, dismissal, or final judgment, or when the time for all appeals has expired, whichever is longer, any party may request of any other party in writing a copy of any or all of the Confidentiality Declarations pertaining to the experts or consultants that the party to whom the request is directed has obtained pursuant to this subparagraph 9(b).  The party to whom the request is directed shall provide such copies to the requesting party within five (5) business days of the receipt of the request;

(c) <u>Judicial Personnel.</u>  The Court, Court personnel and Court reporters in connection with this action;

(d) <u>Court Reporters.</u>  Any court reporters and/or videographers retained to report or record a deponent's testimony taken in this litigation;

(e) <u>Vendors.</u>  Litigation support vendors, such as copying services, that are not affiliated with Willis or any other competitor of Plaintiff; and

(f) <u>Witnesses.</u>  Any witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, and subject to the restrictions set forth in this Stipulated Protective Order.  No copies of "Confidential Information" shall be given to such persons for them to retain.  Before the disclosure of "Confidential Information" to any witness in this litigation, each such witness shall first sign a "Confidentiality Declaration" in the

form attached hereto as Exhibit A., which Declaration shall be retained by counsel for the disclosing party or non-party. Witnesses being shown Confidential Material pursuant to this subparagraph 9(d) shall not be allowed to retain copies of the Confidential Material. A witness who was shown Confidential Material during a deposition, however, may review the Confidential Material while reviewing his or her transcript, provided that any Confidential Material is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

10.     <u>Disclosure of "Confidential" Materials.</u>  Confidential Material designated as "CONFIDENTIAL" may be revealed to the persons designated in Paragraph 9 above, as well as to designated representatives who are employees or officers of any named party to the litigation.

11.     <u>Recipients of Confidential Material:</u> Except as otherwise ordered by the Court, any person to whom a disclosure of Confidential Material is made shall be given a copy of this Stipulated Protective Order. The parties agree that execution of this Stipulated Protective Order by counsel shall constitute their agreement to its terms. All persons receiving Confidential Material are **ENJOINED** from disclosing it to any other person except in conformance with this Stipulated Protective Order.

10.     <u>Attorney-Client Privilege and Work Product Protections:</u>  If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing

party must preserve the information until the claim is resolved. The parties agree not to argue that the disclosure itself constitutes a waiver of any applicable privilege.

11. <u>Submission of Confidential Material to the Court:</u> Any pleading, motion or other paper or thing filed with the Court that discloses Confidential Material shall be filed under seal and kept under seal until the further Order of this Court. Such information, however, shall continue to be available to the Court and to such persons permitted access to such information under this Stipulated Protective Order. The Clerk of this Court is directed to maintain under seal all filed things, documents and transcripts of testimony designated as Confidential Material in this litigation. A copy of all documents or things filed in this proceeding which include or disclose Confidential Material shall be delivered to the Court's chambers with the designated information included or attached.

12. <u>Use of Confidential Material During Court Proceedings.</u> In the event that any Confidential Material is used in any Court pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments or hearings), the Confidential Material shall not lose its status as Confidential Material through such use. Nothing herein shall be construed to affect the admissibility of any document, material or information at any trial or hearing. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

13. <u>Post-Litigation Return or Destruction:</u> All provisions of this Stipulated Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, including the running of any time to appeal or to move for relief under applicable Federal Rules of Civil Procedure and the conclusion of any appeals or motions for such relief, any person in the possession of Confidential Material shall either (a) return all such Confidential Material no later than forty-five (45) days after the conclusion of this action to counsel for the

party or non-party who provided such information; or (b) destroy all such Confidential Material within the time period and certify in writing within forty-five (45) days that such Confidential Material has been destroyed. Notwithstanding anything to the contrary above, the parties and their Outside Counsel shall be entitled to retain one copy of the pleadings and correspondence in the action for their files, provided that they return or destroy all exhibits to such pleadings or correspondence that have been designated as Confidential.

14. <u>Disputes over Designation of Confidentiality:</u> Any designated item as to which an objection as to confidentiality has been made shall nonetheless continue to be treated as designated unless and until the dispute is resolved by the following procedure:

(a) <u>Procedure for Parties to this Litigation.</u> At any time, a party-recipient of materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES" ONLY may, in good faith, advise the Designating Party in writing that a so-designated item or group of items is not legitimately entitled to protection. The Designating Party shall have seven (7) calendar days in which to: (i) elect to withdraw the designation; or (ii) provide the objector with the basis for the designation. If the dispute is not resolved within fourteen (14) days, extendable by agreement of the disputants, the Designating Party shall seek Court intervention in accordance with Court procedures and orders for resolving discovery disputes to seek a determination that the designation is appropriate. The Designating Party shall bear the burden of establishing that the challenged designation was appropriate under the terms of this Order and that the requirements for the issuance of a protective order under Fed. R. Civ. P. 26(c) and Local Rule 5.3 have been satisfied. If the Designating Party fails to seek Court intervention within 30 (thirty) days of the objection, extendable by agreement of the disputants, the disputed items shall be free from the provisions of this Protective Order.

(b) <u>Procedure for Interested Non-Party Members of the Public.</u> At any time, any non-party, including interested members of the public, may, in good faith, challenge the

designation of Confidential Material in writing to the Designating Party. Following receipt of such a written challenge, the parties shall have thirty (30) days, extendable by agreement of the disputants, to attempt to negotiate a resolution of the challenge after which time the person objecting to the designation may file a motion with this Court seeking a determination that the designation is inappropriate. The Designating Party shall bear the burden of establishing that the challenged designation was appropriate under the terms of this Order and that the requirements for the issuance of a protective order under Fed. R. Civ. P. 26(c) and Local Rule 5.3 have been satisfied.

15. <u>General Provisions:</u>

(a) <u>Jurisdiction.</u> Any person receiving Confidential Material under the terms of this Stipulated Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Stipulated Protective Order.

(b) <u>No Admissions.</u> Unless the parties stipulate otherwise, adherence to this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective order is or is not proprietary, confidential or a trade secret. Further, nothing herein shall be deemed to waive any applicable privilege or work-product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection or to affect any party's right to use its own documents and its own Confidential Material in its sole and complete discretion. In addition, adherence to this Protective Order in no way constitutes a waiver of any party's right to object to any discovery requests or admission of evidence on any grounds or to affect any party's right to seek an order compelling discovery with respect to any discovery request. Further, nothing herein shall be construed as an agreement or admission: (i) as to the correctness or truth of any allegation made or position taken relative to any matter designated as Confidential Material; or

(ii) with respect to the authenticity, competency, relevance or materiality of any document so designated. In addition, nothing herein shall be construed to diminish or affect the obligations that any party owes or may owe to another party or to a non-party pursuant to any other agreement, Order or applicable law.

(c) <u>Use of the Stipulated Protective Order:</u> This Stipulated Protective Order is for the sole purpose of facilitating discovery in the above-styled and numbered cause, and the Confidential Material obtained under the protection of this Stipulated Protective Order may only be used for this case. It is expressly ordered that this Stipulated Protective Order will not in any manner be disclosed to the jury in the above-styled and numbered cause. It is further ordered that this Stipulated Protective Order will not be used in any manner or form (direct or indirect) as evidence in any trial or any hearing or be referred to in any trial or any hearing on the merits of the case, except in a hearing that involves issues related to the enforcement of any provision of this Stipulated Protective Order. It is further ordered that this provision is absolutely and completely essential to this Stipulated Protective Order and that this paragraph is not severable from any remaining paragraph or provision of this Stipulated Protective Order.

(d) <u>Modification of Stipulated Protective Order:</u> Any party for good cause may apply to the Court for a modification of this Stipulated Protective Order. In the event such an application is made, the parties shall be bound by the terms of this Stipulated Protective Order unless and until it is modified by the Court.

\*\*\*\*\*\*\*\*\*\*\*

- 12 -

**Stipulated and Agreed Upon By:**

By: _____

Dean A. Dickie, Esq.
Robert C. Levels, Esq.
MILLER, CANFIELD, PADDOCK
  AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois  60606
*Attorneys for Plaintiff*

By: _____

Jerome Reisman, Esq.
Marc Sackin, Esq.
REISMAN PEIREZ & REISMAN
1305 Franklin Avenue, PO Box 119
Garden City, New York 11530

*Attorneys for Defendants RD Legal Funding Partners, LP, RD Legal Capital, LLC and Roni Dersovitz*

**SO ORDERED** this _____ day of August, 2011

_____
Judge Cathy L. Waldor

Case 2:10-cv-04881-ES-JAD   Document 65-1   Filed 08/15/11   Page 13 of 13 PageID: 1223

# EXHIBIT A

## CONFIDENTIALITY DECLARATION

I, the undersigned, hereby certify that I have read and understand the attached Protective Order, entered in <u>Brevet Capital Special Opportunities Master Fund III, LP</u>, Case No. 10-cv-04881-SRC-MAS. I understand that Confidential Material being provided to me is governed by the terms of this Protective Order. I agree to be bound by the terms of the Protective Order and to submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to any proceeding relating to enforcement of this Protective Order. I understand that a violation of the terms of the Protective Order may be grounds for a possible penalty of contempt of court. I will not disclose Confidential Material to anyone other than persons specifically authorized by the Protective Order or use the Confidential Material for any purpose other than this case. I will maintain all such Confidential Material including copies, notes or other transcriptions made therefrom in a secure manner to prevent unauthorized access to it. I will return the Confidential Material including copies, notes or other transcriptions made therefrom to counsel from whom I received such materials or destroy such materials in a manner consistent with this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No: _____

Email: _____

Relationship to this action and its parties: _____

Dated: _____    Signature: _____

19,206,540.1\145778-00002