Paul J. Giblin, Jr., Esq.
GIBLIN & GIBLIN
2 Forest Avenue
Oradell, New Jersey 07649
Telephone: (201) 262-9500
Facsimile: (201) 262-8107
Email: pgiblinjr@aol.com

Dean A. Dickie (*pro hac vice*)
Robert C. Levels (*pro hac vice*)
MILLER, CANFIELD, PADDOCK
  AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois  60606
Phone: (312) 460-4200
Facsimile: (312) 460-4288
Email: dickie@millercanfield.com
Email: levels@millercanfield.com

*Attorneys for Plaintiff Brevet Capital Special*
*Opportunities Master Fund III, LP*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| -------------------------------------------------------------- x | CASE NO: 2:10-cv-04881-ES-CLW |
| BREVET CAPITAL SPECIAL OPPORTUNITIES : MASTER FUND III, LP, | CIVIL ACTION |
| : | |
| Plaintiff, : | ELECTRONICALLY FILED |
| : | |
| -against- : | Motion Day: **February 6, 2012** |
| : | |
| RD LEGAL FUNDING PARTNERS, LP; RD : LEGAL CAPITAL, LLC; RONI DERSOVITZ; : GARVE W. IVEY, JR., P.C. d/b/a THE IVEY : LAW FIRM and GARVE W. IVEY, JR., : | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE ANSWERS OF, AND ENTER DEFAULT JUDGMENT AGAINST, GARVE** |
| Defendants. x | **W. IVEY, JR., P.C. d/b/a THE IVEY LAW FIRM and GARVE W. IVEY, JR. PURSUANT TO RULE 37** |
| ------------------------------------------------------------ | |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................ 1

II.    STATEMENT OF FACTS ......................................................................................... 1

     A.     Brevet's First Motion For Default Against The Ivey Defendants ......................... 1

     B.     The Ivey Defendants Fail to Respond or Participate in Discovery....................... 2

     C.     The Ivey Defendants' Counsel Withdraws for Lack Of Contact........................... 2

III.    ARGUMENT ............................................................................................................... 3

IV.    CONCLUSION ........................................................................................................... 6

## <u>INDEX OF AUTHORITIES</u>

**Page(s)**

**CASES**

Days Inns Worldwide, Inc. v. Al Noor Corp.,
  No. 10–479 (ES)(CLW), 2011 WL 5513189, at *2-3 (D. N.J. Nov. 10, 2011) ........1, 3, 4, 5, 6

Poulis v. State Farm & Casualty Co.,
  747 F.2d 863, 868 (3d Cir. 1984).................................................................................3, 4, 6

Ware v. Rodale Press, Inc.,
  322 F.3d 218, 221 (3d Cir. 2003)................................................................................3

**COURT RULES**

Fed. R. Civ. P. 8............................................................................................................2, 5, 6

Fed. R. Div. P. 11..........................................................................................................4

Fed. R. Civ. P. 16..........................................................................................................3

Fed. R. Civ. P. 37..........................................................................................................3

Fed. R. Civ. P. 55..........................................................................................................1, 2

Plaintiff Brevet Capital Special Opportunities Master Fund III, LP ("Brevet"), by and through its attorneys, in support of its motion to strike the answers of, and enter default judgment against, Defendants Garve W. Ivey, Jr., P.C., d/b/a The Ivey Law Firm ("Law Firm") and Garve W. Ivey, Jr. ("Ivey"; together with the Law Firm, "Ivey Defendants"), states as follows:

## I. __INTRODUCTION__

The Ivey Defendants have wholly failed to respond to any discovery served in this case, participate in discovery conferences, appear for deposition, or otherwise participate in this litigation.   On September 20, 2011, the Ivey Defendants' counsel, Mr. Thomas Madden, withdrew because the Ivey Defendants ceased all communication regarding this action.   As an attorney with decades of experience and a law firm bearing the attorney's name, the Ivey Defendants understand the consequences of wholly failing to participate in discovery or litigating their purported defenses.   Accordingly, Plaintiff respectfully requests that the Court strike the Ivey Defendants' answers and enter default judgments at this time.   See Days Inns Worldwide, Inc. v. Al Noor Corp., No. 10–479 (ES)(CLW), 2011 WL 5513189, at *2-3 (D. N.J. Nov. 10, 2011).

## II. __STATEMENT OF FACTS__

Brevet filed its Complaint against the Ivey Defendants on September 23, 2010.   See Compl. (Dkt. #1).   Plaintiff served Ivey and the Law Firm on October 5, 2010 and October 1, 2010, respectively.   See Aff. of Service on Garve Ivey (Dkt. #9); Aff. of Service on Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm (Dkt. #10).

### A. __Brevet's First Motion For Default Against The Ivey Defendants.__

The Ivey Defendants failed to answer or otherwise respond to the Complaint, and therefore, Brevet moved for entry of default judgment pursuant to Federal Rule of Civil Procedure 55.   See Nov. 12, 2010 Pl.'s Mot. for Default (Dkt. #31).   The Ivey Defendants further

failed to respond to the motion for default.  On the motion day, and without leave of court, the Ivey Defendants filed identical answers.[1]  See Dec. 6, 2010 Law Firm Answer (Dkt. #37); Dec. 6, 2010 Ivey Answer (Dkt. #38).  Concurrently, Mr. Thomas Madden appeared as counsel of record for the Ivey Defendants.  See id.  Given the answers filed and Mr. Madden's appearance, the Court denied Brevet's motion for default for failure to plead in favor of allowing the case to proceed on the merits.  See Jan. 11, 2011 Order (Dkt. #43).

      **B.**      <u>**The Ivey Defendants Fail to Respond or Participate in Discovery.**</u>

On April 14, 2011, Brevet served the Ivey Defendants with discovery requests and interrogatories.   See Apr. 14, 2011 Doc. Reqs., Ex. A to Levels Decl.; Apr. 14, 2011 Interrogatories, Ex. B to Levels Decl.  On July 11, 2011, Brevet served Garve W. Ivey, Jr. with a notice of deposition to commence Mr. Ivey's deposition on July 27, 2011.  See July 11, 2011 Notice of Dep., Ex. C to Levels Decl.  The Ivey Defendants wholly failed to respond to any written discovery served in this case, participate in discovery conferences, appear for deposition, or otherwise participate in this case.  See July 26, 2011 Corresp. fr. R. Levels to T. Madden, Ex. D to Levels Decl.; Levels Decl. at ¶¶ 2-6.

      **C.**      <u>**The Ivey Defendants' Counsel Withdraws for Lack Of Contact.**</u>

On May 27, 2011, Thomas Madden moved the Court to withdraw as attorney for the Ivey Defendants.  See May 27, 2011 Mot. to Withdraw (Dkt. #57).  As set forth in his declaration, Mr. Madden stated that since filing the answers on December 6, 2010, his communication with the Ivey Defendants had "deteriorated to no communications or assistance from the client in the defense of this matter."  See Decl. of T. Madden at ¶ 4 (Dkt. #57).  Despite repeated warnings that Mr. Madden would withdraw, the Ivey Defendants "substantially failed to fulfill their

---

[1]   Tellingly, the Ivey Defendants' "answers" fail to admit or deny many of the allegations of the Complaint, simply asserting that the Ivey Defendants "can neither admit nor deny this allegation" in clear violation of Federal Rule of Civil Procedure 8(b).

obligation to assist in the defense of this matter and respond to [Mr. Madden's] repeated requests for succor and communication." Id. On September 20, 2011, the Court granted Mr. Madden's motion to withdraw. See Sept. 20, 2011 Order (Dkt. #69).

## III.   ARGUMENT

Rules 16 and 37 of the Federal Rules of Civil Procedure authorize a court to sanction a party that fails to appear at a scheduling or other pretrial conference or fails to comply with a court order. See Fed. R. Civ. Pro. 16(f)(1)(A), 16(f)(1)(C). When a party violates Federal Rule 16, the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A) (ii)-(vii)." See Fed. R. Civ. P. 16(f)(1). Federal Rule 37(b)(2)(A) provides in pertinent part: "If a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following:…(iii) striking pleadings in whole or in part…(iv) rendering a default judgment against the disobedient party." See Fed. R. Civ. P. 37(b)(2)(A).

In Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court identified six factors to evaluate when deciding whether the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. No particular Poulis factor is controlling and dismissal can be granted even when some of the factors are not met. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). As such, the decision whether to dismiss is left to the Court's discretion. Id.; see also Days Inns Worldwide, Inc. v. Al Noor Corp., No. 10–479 (ES)(CLW), 2011 WL 5513189, at *2-3 (D. N.J. Nov. 10, 2011).

The <u>Poulis</u> factors favor dismissal at this time.  <u>First</u>, the Ivey Defendants are personally responsible for their failure to produce discovery and comply with court orders.  The Ivey Defendants ceased all communication with their counsel in this case, who provided the Ivey Defendants with ample warnings regarding complying with discovery and otherwise prosecuting their defense of this matter.  <u>See</u> May 27, 2011 Mot. to Withdraw (Dkt. #57); Decl. of T. Madden at <u>passim</u> (Dkt. #57).  Since the withdrawal, the Ivey Defendants have failed to retain replacement counsel, respond to any written discovery served in this case, participate in discovery conferences, appear for deposition, issue any discovery, or otherwise participate in this litigation.  <u>See id.</u>; Levels Decl. at ¶¶ 2-6.

<u>Second</u>, Plaintiff is clearly prejudiced by the Ivey Defendants' failure to produce discovery to support Plaintiff's claims against the Ivey Defendants.  <u>See</u> <u>Days Inns Worldwide, Inc. v. Al Noor Corp.</u>, No. 10–479 (ES)(CLW), 2011 WL 5513189, at *2 (D. N.J. Nov. 10, 2011) (finding prejudice where plaintiff "has been deprived of the information it needs to support its claims").  Moreover, the Ivey Defendants' Seventh Affirmative Defense asserted that the entirety of Brevet's loss was the result of acts and omissions of the RD Legal Defendants.  <u>See</u> Dec. 6, 2010 Law Firm Answer (Dkt. #37) <u>and</u> Dec. 6, 2010 Ivey Answer (Dkt. #38) at Aff. Def. No. 7.  If any basis existed consistent with Rule 11 to assert such a defense, the Ivey Defendants' failure to participate in discovery may also prejudice Plaintiff's claims against the RD Legal Defendants as well.  <u>Id.</u>

<u>Third</u>, there is a history of dilatoriness on the part of the Ivey Defendants.  At the outset of this case, the Ivey Defendants failed to respond to the Complaint or to Brevet's initial motion for default.  <u>See</u> Pl.'s Nov. 12, 2010 Mot. for Default (Dkt. #31).  Only with ruling imminent on Brevet's motion for default did the Ivey Defendants appear and file answers.  <u>See</u> Dec. 6, 2010

- 4 -

Law Firm Answer (Dkt. #37); Dec. 6, 2010 Ivey Answer (Dkt. #38).  Tellingly, the Ivey Defendants' "answers" fail to admit or deny many of the allegations of the Complaint, simply asserting that the Ivey Defendants "can neither admit nor deny this allegation" in clear violation of Federal Rule of Civil Procedure 8(b).  Id.  Then, after answering, the Ivey Defendants ignored all good faith efforts to obtain the requested discovery or comply with court orders, culminating in the withdrawal of the Ivey Defendants' counsel.  See Apr. 14, 2011 Doc. Reqs., Ex. A to Levels Decl.; Apr. 14, 2011 Interrogatories, Ex. B to Levels Decl.; July 11, 2011 Notice of Dep., Ex. C to Levels Decl.; July 26, 2011 Corresp. fr. R. Levels to T. Madden, Ex. D to Levels Decl.; Levels Decl. at ¶¶ 2-6.

Fourth, the Ivey Defendants' conduct is willful and in bad faith.  No evidence exists that the Ivey Defendants' insouciance toward complying with discovery was the result of inadvertence, neglect, or mistake.  After filing answers and narrowly avoiding a default at the beginning of the case, the Ivey Defendants simply took no further action in the case.  See id.

Fifth, no alternative sanctions would be effective, particularly given the Ivey Defendants consist of an attorney and his law firm.  "Defendants' lack of participation demonstrates an intention to no longer litigate this case."  Days Inns Worldwide, Inc., 2011 WL 5513189 at *3.

Sixth, the allegations of the pleadings, if established at trial, would support recovery by Brevet.  "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."  See Fed. R. Civ. P. 8(b)(6).  The Ivey Defendants filed identical answers that refused to admit or deny many of the Complaint's allegations, resulting in admissions by operation of Federal Rule 8(b)(6).  See Dec. 6, 2010 Law Firm Answer (Dkt. #37) and Dec. 6, 2010 Ivey Answer (Dkt. #38) at ¶¶ 2-5, 11-15, 17-18, 23-24, 26-27, 30-31, 33-35, 37-54, 61-62, 66, 78-79, 81, 85, 87-95 (stating "This

- 5 -

defendant can neither admit nor deny this allegation."); cf. Fed. R. Civ. P. 8(b)(5).  Moreover, each Ivey Defendant outright "admits the terms of the agreement" and other documents attached to the Complaint, upon which Plaintiff's claims are based.  See, e.g., Dec. 6, 2010 Law Firm Answer (Dkt. #37) and Dec. 6, 2010 Ivey Answer (Dkt. #38) at ¶¶ 16, 19-20.  Thus, the Ivey Defendants admitted the allegations necessary for Plaintiff to recover.

Accordingly, the Poulis factors favor striking the Ivey Defendants' answers and entering a default judgment at this time.  See Days Inns Worldwide, Inc. v. Al Noor Corp., No. 10–479 (ES)(CLW), 2011 WL 5513189, at *2-3 (D. N.J. Nov. 10, 2011).

**IV.   CONCLUSION**

WHEREFORE, Brevet respectfully requests that the Court strike the Answers of Defendants Garve W. Ivey, Jr., P.C., d/b/a The Ivey Law Firm and Garve W. Ivey, Jr., enter a default judgment against Defendants Garve W. Ivey, Jr., P.C., d/b/a The Ivey Law Firm and Garve W. Ivey, Jr., and grant any other relief the Court deems appropriate.

Dated:  January 12, 2012                    Respectfully submitted,

                                            BREVET CAPITAL SPECIAL OPPORTUNITIES
                                            MASTER FUND III, LP

                                            By:   /s/Paul J. Giblin, Jr.
                                                   One of Plaintiff's Attorneys

- 6 -