Paul J. Giblin, Jr., Esq.
GIBLIN & GIBLIN
2 Forest Avenue
Oradell, New Jersey 07649
Telephone: (201) 262-9500
Facsimile: (201) 262-8107
Email: pgiblinjr@aol.com

Dean A. Dickie (*pro hac vice*)
Robert C. Levels (*pro hac vice*)
MILLER, CANFIELD, PADDOCK
  AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois  60606
Phone: (312) 460-4200
Facsimile: (312) 460-4288
Email: dickie@millercanfield.com
Email: levels@millercanfield.com

*Attorneys for Plaintiff Brevet Capital Special*
*Opportunities Master Fund III, LP*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ----------------------------------------------------------- x | CASE NO: 2:10-cv-04881-ES-CLW |
| BREVET CAPITAL SPECIAL OPPORTUNITIES MASTER FUND III, LP, : | |
| Plaintiff, : | |
| -against- : | **DECLARATION OF ROBERT C. LEVELS IN SUPPORT OF** |
| RD LEGAL FUNDING PARTNERS, LP; RD LEGAL CAPITAL, LLC; RONI DERSOVITZ; GARVE W. IVEY, JR., P.C. d/b/a THE IVEY LAW FIRM and GARVE W. IVEY, JR. : | **PLAINTIFF'S MOTION TO STRIKE THE ANSWERS OF, AND ENTER DEFAULT JUDGMENT AGAINST, GARVE W. IVEY, JR., P.C.** |
| Defendants. : | **d/b/a THE IVEY LAW FIRM and GARVE W. IVEY, JR.** |
| ----------------------------------------------------------- x | **PURSUANT TO RULE 37** |

## DECLARATION OF ROBERT C. LEVELS

1.      My name is Robert C. Levels.  I am an attorney at the law firm of Miller, Canfield, Paddock & Stone, P.L.C., counsel to Plaintiff Brevet Capital Special Opportunities Master Fund III, LP in the above-captioned action.  I am a member of the Bar of the State of Illinois and have been admitted pro hac vice to practice law before the United States District Court for the District of New Jersey for purposes of this case.  I have personal knowledge of the matters set forth herein, and would competently testify thereto under oath if called as a witness. I submit this declaration in support of Plaintiff's motion for default judgment against Defendants Garve W. Ivey, Jr., P.C. d/b/a/ The Ivey Law Firm and Garve W. Ivey, Jr.

2.      Attached hereto as Exhibit A is a true and correct copy of the April 14, 2011 Plaintiff's First Set of Document Requests to All Defendants.

3.      Attached hereto as Exhibit B is a true and correct copy of the April 14, 2011 Plaintiff's First Set of Interrogatories to All Defendants.

4.      Attached hereto as Exhibit C is a true and correct copy of the July 11, 2011 Notice of Deposition of Garve W. Ivey, Jr.

5.      Attached hereto as Exhibit D is a true and correct copy of the July 26, 2011 correspondence from Robert C. Levels to Thomas M. Madden, Jerome Reisman, and Marc Sackin.

6.      Defendants Garve W. Ivey, Jr., P.C. d/b/a/ The Ivey Law Firm and Garve W. Ivey, Jr. have wholly failed to respond to any written discovery served in this case, participate in discovery conferences, appear for deposition, issue any discovery, or otherwise participate in this litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

By: _____

Robert C. Levels
Attorney for Plaintiff

Executed on January 10, 2012.

19,732,780.1\145778-00002

Paul J. Giblin, Jr., Esq.
GIBLIN & GIBLIN
2 Forest Avenue
Oradell, New Jersey 07649
Telephone: (201) 262-9500
Facsimile: (201) 262-8107
Email: pgiblinjr@aol.com

Dean A. Dickie (*pro hac vice* application pending)
Robert C. Levels (*pro hac vice* application pending)
MILLER, CANFIELD, PADDOCK
  AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois  60606
Phone: (312) 460-4200
Facsimile: (312) 460-4288
Email: dickie@millercanfield.com
Email: levels@millercanfield.com

*Attorneys for Plaintiff Brevet Capital Special*
*Opportunities Master Fund III, LP*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------- x
BREVET CAPITAL SPECIAL OPPORTUNITIES :
MASTER FUND III, LP,                  :

            Plaintiff,                  :

-against-                             :

 

RD LEGAL FUNDING PARTNERS, LP; RD     :
LEGAL CAPITAL, LLC; RONI DERSOVITZ;   :
GARVE W. IVEY, JR., P.C. d/b/a THE IVEY :
LAW FIRM and GARVE W. IVEY, JR.,      :

            Defendants.                 :
------------------------------------------------------------- x

CASE NO: 2:10-cv-04881-SRC-MAS

CIVIL ACTION

ELECTRONICALLY FILED

**PLAINTIFF'S FIRST SET OF**
**DOCUMENT REQUESTS TO**
**ALL DEFENDANTS**

Exhibit A

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Brevet Capital Special Opportunities Master Fund III, LP ("Brevet"), by its attorneys Miller, Canfield, Paddock & Stone, P.L.C., hereby propounds its First Set of Requests for Production of Documents upon all Defendants. Brevet requests that the documents be produced by Defendants within thirty (30) days after the date of service hereof, at the offices of Miller, Canfield, Paddock & Stone, P.L.C., 225 West Washington Street, Suite 2600, Chicago, Illinois 60606, or at such time or place as counsel may agree upon.

## DEFINITIONS

A.      "Plaintiff" or "Brevet" means Plaintiff Brevet Capital Special Opportunities Master Fund III, LP, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

B.      "RD Legal" means Defendant RD Legal Funding Partners, LP, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

C.      "RD Legal Capital" means Defendant RD Legal Capital, LLC, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

D.     "Dersovitz" means Defendant Roni Dersovitz, his present and former agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on his behalf, at his insistence, or for his benefit.

E.     "RD Legal Defendants" mean RD Legal, RD Legal Capital, and Dersovitz.

F.     "Garve W. Ivey, Jr., P.C." means Defendant Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

G.     "Ivey" means Defendant Garve W. Ivey, Jr., his present and former agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on his behalf, at his insistence, or for his benefit.

H.     "Ivey Defendants" mean Garve W. Ivey, Jr., P.C. and Ivey.

I.     "Defendant" or "Defendants" mean RD Legal, RD Legal Capital, Dersovitz, Garve W. Ivey, Jr., P.C., and Ivey, both individually and collectively.

J.     "MPA" shall mean the Master Participation Agreement attached as Exhibits A and H to Plaintiff's Complaint and further includes any revised Master Participation Agreements executed between Brevet and RD Legal but not included as Exhibits to the Complaint.

K.     "Sale Agreement" shall mean the Master Assignment and Sale Agreement attached as Exhibit B to Plaintiff's Complaint and further includes any and all documents executed in connection therewith.

L.     "Berman Fax" shall mean the document attached as Exhibit F to Plaintiff's Complaint.

M.    "Berman Litigation" shall mean the case styled *Garve W. Ivey, P.C. v. Steve Berman and Hagens, Berman, Sobol, Shapiro, LLP*, Case No. 10-cv-03201-LSC, currently pending in the United States District Court for the Northern District of Alabama.

N.    "Litigation" shall mean the case styled *Brevet Capital Special Opportunities Master Fund, III, LP v. RD Legal Funding Partners, LP, et al.*, Case No. 10-cv-04881-SRC-MAS, currently pending in the United States District Court for the District of New Jersey.

O.    "Complaint" shall mean the Amended Complaint filed in the Litigation on or about September 24, 2010 (Dkt. #3).

P.    The applicable time period is from 2008 to present unless otherwise indicated.

Q.    "Person" or "persons" includes but is not limited to any natural person, sole proprietorship, firm, partnership, limited liability company, association, joint venture, corporation, governmental agency, or other organization or legal, social or business entity, including without limitation, any party to this action.

R.    "Communication" means all occasions on which any knowledge, information, belief, opinion, fact or description of any actions, taken or omitted, or any ideas, thoughts or concepts were conveyed from one or more persons to another person or persons by means of any oral utterance (whether in person, over a telephone or over any other oral utterance (whether in person, over a telephone or over any other voice transmission devise)) or any written, transcribed or recorded notation of any nature whatsoever, and by and to whomever made, including, but is not limited to correspondence, conversations, dialogues, discussions, interviews, understandings and transmitting or imparting of any such knowledge, information, belief, opinion, fact or description.

S.    "Document" or "documents" means anything within the scope of Federal Rule of Civil Procedure 34, construed broadly, and including, without limitation, any medium upon

which intelligence or information has been recorded or retrieved and includes, without limitation, the original, whether draft or final, and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), Communication, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, grant, deed, study, handwritten note, draft, working paper, short paper, print, laboratory record, drawing, sketch, graph, index, list tape, photograph, microfilm, data sheet or data processing card, electronic sound recordings or transcripts thereof, audio or visual tape, computer printouts, any other medium upon which intelligence or information can be recorded or retrieved or any other data form on which intelligence or information has been obtained and can be translated, if necessary through detection devices, into reasonably usable form and any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other documents or writings of whatever description (including any information contained in any computer or on a computer disk, tape or other magnetic or electronic data storage media, whether printed or not) within the answering parties' possession, custody or control, or the possession, custody or control of any employee, agent, servant or representative including attorneys, accountants, investment bankers, or advisors, or any other person acting or purporting to act on behalf of the answering party.

      T.    "Notice" means that a person (a) had actual knowledge of the matter inquired into; or (b) has received notification of the matter inquired information; or (c) from all the facts and circumstances known to that person at the time in question, had reason to know the matter inquired into existed.

      U.    "Possess" or "possession" means having custody or control of or having access to or having notice of.

V.      "Relate to" or "relating to" means to discuss, constitute, contain, embody, reflect, identify, state, refer to, deal with, be connected with or in any way concern or be pertinent to any person, thing, event, knowledge, information, belief, opinion, fact, action taken, action omitted, idea, thought or concept, either directly or indirectly.

W.      The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all," the word "any" means "any and all," and the word "including" means "including without limitation."

X.      The term "representative" or "representatives" used with reference to a person includes any:

1.      Officer, director, partner, associate, employee, attorney, servant, agent, subsidiary, division, and affiliate of such person, and

2.      Any other person or legal or business entity acting on behalf of, or in concert with, such person, including any contractor, attorney, or any other person of any description which such person has retained or employed for business, financial or other reasons.

## INSTRUCTIONS

A.      With respect to any documents called for by this production request, but withheld due to an assertion of privilege, each such document should be preserved and identified by stating the following:

1.      the nature and basis of the privilege or other reason for withholding such document;

2.      a generic description of the document (e.g., "letter," "memo," "note," etc.);

3.      the general subject matter of the document;

- 6 -

   4. the date, author, title and number of pages therein; and

   5. each person for whom it was prepared and each person to whom it was sent.

  B. If only a portion of a document is privileged, then produce the unprivileged portions following the above-described procedure for the privileged portions.

  C. When producing all requested documents, label them to correspond with the categories in the request or requests to which they are responsive.

  D. If any request is objected to on the basis that production would be burdensome or oppressive, all documents which can be produced without incurring an undue burden or oppression should be produced. Any documents not provided on the basis that disclosure would be burdensome or oppressive shall be identified by stating the approximate number of pages contained in the documents requested to be produced, the approximate number of hours to be incurred in production, and the estimated cost of responding to the document request.

  E. In the event that any document or tangible thing requested has been destroyed or otherwise disposed of since its preparation or receipt, set forth the author, addressee, indicated or blind copies, date, number of pages, attachments or appendices, a general description of the subject matter, all persons to whom distributed, shown, sent, or explained, present custodian, the time, place and manner of destruction or disposition, the persons involved in the destruction or disposition, and a general description of the document or tangible thing.

  F. If any request is objected to as being vague or overbroad, all documents which you reasonably believe are within the scope of the request should be produced, and your objection should specify what is otherwise overbroad about the request.

  G. In responding to these document requests, you are required to furnish all documents that are or were available to you or subject to your reasonable inquiry including

information in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by, or connected with you or your attorneys, and anyone else otherwise subject to your control.  In responding to these document requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If these document requests cannot be complied with in full, comply to the maximum extent possible, and specify the reason for your inability to comply with the remainder.

H.      These document requests are continuing and any document prepared, obtained or located subsequent to production that would have been produced had it been available or had its existence been known at the time is to be produced forthwith.

## DOCUMENT REQUESTS

1.      All documents and communications relating to marketing or soliciting a participation, investment, assignment, or any other interest in legal fee receivables assigned by the Ivey Defendants to RD Legal.

2.      All documents and communications relating to investing in, or otherwise selling any interest in, RD Legal.

3.      All documents and communications relating to any legal fee receivables assigned by the Ivey Defendants to RD Legal.

4.      All documents and communications relating to the MPA.

5.      All documents and communications relating to the Sale Agreement.

6.      All documents and communications relating to the Berman Litigation.

7.      All documents and communications relating the actual or potential sale of any interest in the legal fee receivables that are the subject of the Sale Agreement.

8.     All documents and communications relating to the Ivey Defendants' attorneys' fees in In re Bextra/Celebrex Litigation, MDL No. 1699, Case No. 3:05-md-1699-CRB pending in the United States District Court for the Northern District of California.

9.     All documents and communications relating to the RD Legal Defendants' efforts to collect the legal fee receivables set forth in the Sale Agreement.

10.     All documents relating to Steve Berman or his law firm, Hagens Berman Sobol Shapiro LLP, relating to the Ivey Defendants.

11.     All documents relating to Defendants' use of funds provided by Brevet pursuant to the MPA as it relates to the Ivey Defendants, including but not limited to amounts listed in Exhibit E to the Complaint.

12.     All documents relating to any due diligence performed by the RD Legal Defendants relating to the Ivey Defendants or Sale Agreement.

13.     All documents relating to RD Legal's communications with its investors relating to the Ivey Defendants.

14.     All documents relating to RD Legal's accounting of the legal fee receivables that are the subject of the Sale Agreement, including but not limited to any financial statements, balance sheets, income statements, or other documents referring or relating to the legal fee receivables that are the subject of the Sale Agreement.

15.     All documents and communications with any person relating to the Ivey Defendants' assignment of legal fee receivables to RD Legal.

16.     All documents relating to PartnerRe, including all documents and communications relating to any potential investment by PartnerRe in the RD Legal Defendants.

17.   All documents relating to The MDE Group, including all documents and communications relating to any potential investment by The MDE Group in the RD Legal Defendants.

18.   All documents relating to the allegations set forth in the RD Legal Defendants' cross-claim against the Ivey Defendants.

19.   All documents relating to the Litigation.

20.   All documents relating to the allegations in the Complaint.

21.   All documents relating to the amount of damages demanded by any counterclaim or cross-claim in the Litigation.

22.   All documents reviewed, relied upon, or otherwise used to supply answers to interrogatories served in the Litigation, including but not limited to Plaintiff's First Set of Interrogatories to All Defendants.

23.   All documents that Defendants may use to support their claims or defenses in the Litigation.

24.   All documents that Defendants may rely upon at trial in the Litigation or in any evidentiary hearing in the Litigation, or in support of any motion or other request for relief in the Litigation.

Dated:  April 14, 2011

Dean A. Dickie
Robert C. Levels
MILLER, CANFIELD, PADDOCK
   AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois  60606
Phone:  (312) 460-4200
Firm ID: 44233

Respectfully submitted,

By:  _____
       One of Plaintiffs' Attorneys

- 10 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing

**PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO ALL DEFENDANTS** to be

served upon counsel of record listed below via U.S. Mail on April 14, 2011.

*Attorneys for Roni Dersovitz, RD Legal Capital,*
*LLC and RD Legal Funding Partners, LP*
Jerome Reisman
Marc Sackin
Reisman Peirez & Reisman LLP
1305 Franklin Avenue P. O. Box 119
Garden City, NY 11530

Aaron E. Albert
Arthur L. Porter, Jr.
Fischer Porter Thomas & Reinfeld PC
180 Sylvan Avenue, Second Floor
Englewood Cliffs, NJ 07632-2700.


*Attorneys for Garve W. Ivey, Jr. and*
*Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm*
Thomas M. Madden
Hack, Piro, O'Day, Merklinger, Wallace &
McKenna, Esqs.
30 Columbia Turnpike
P.O. Box 941
Florham Park, NJ 07932-0941

_____
Robert C. Levels

18,371,147.1\143736-00003

- 11 -

Paul J. Giblin, Jr., Esq.
GIBLIN & GIBLIN
2 Forest Avenue
Oradell, New Jersey 07649
Telephone: (201) 262-9500
Facsimile: (201) 262-8107
Email: pgiblinjr@aol.com

Dean A. Dickie (*pro hac vice* application pending)
Robert C. Levels (*pro hac vice* application pending)
MILLER, CANFIELD, PADDOCK
  AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois  60606
Phone: (312) 460-4200
Facsimile: (312) 460-4288
Email: dickie@millercanfield.com
Email: levels@millercanfield.com

*Attorneys for Plaintiff Brevet Capital Special
Opportunities Master Fund III, LP*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ----------------------------------------------------------- x | CASE NO: 2:10-cv-04881-SRC-MAS | |
| BREVET CAPITAL SPECIAL OPPORTUNITIES MASTER FUND III, LP, : | CIVIL ACTION | |
| : | | |
| Plaintiff, : | ELECTRONICALLY FILED | |
| : | | |
| -against- : | **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS** | |
| : | | |
| RD LEGAL FUNDING PARTNERS, LP; RD LEGAL CAPITAL, LLC; RONI DERSOVITZ; GARVE W. IVEY, JR., P.C. d/b/a THE IVEY LAW FIRM and GARVE W. IVEY, JR., : | | |
| : | | |
| Defendants. x | | |
| ----------------------------------------------------------- | | |

Exhibit B

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Brevet Capital Special Opportunities Master Fund III, LP ("Brevet"), by its attorneys Miller, Canfield, Paddock & Stone, P.L.C., hereby propounds its First Set of Interrogatories upon all Defendants.  Brevet requests that Defendants deliver their response within thirty (30) days after the date of service hereof, at the offices of Miller, Canfield, Paddock & Stone, P.L.C., 225 West Washington Street, Suite 2600, Chicago, Illinois 60606, or at such time or place as counsel may agree upon.

## DEFINITIONS

A.     "Plaintiff" or "Brevet" means Plaintiff Brevet Capital Special Opportunities Master Fund III, LP, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

B.     "RD Legal" means Defendant RD Legal Funding Partners, LP, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

C.     "RD Legal Capital" means Defendant RD Legal Capital, LLC, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

D.      "Dersovitz" means Defendant Roni Dersovitz, his present and former agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on his behalf, at his insistence, or for his benefit.

E.      "RD Legal Defendants" mean RD Legal, RD Legal Capital, and Dersovitz.

F.      "Garve W. Ivey, Jr., P.C." means Defendant Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

G.      "Ivey" means Defendant Garve W. Ivey, Jr., his present and former agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on his behalf, at his insistence, or for his benefit.

H.      "Ivey Defendants" mean Garve W. Ivey, Jr., P.C. and Ivey.

I.      "Defendant" or "Defendants" mean RD Legal, RD Legal Capital, Dersovitz, Garve W. Ivey, Jr., P.C., and Ivey, both individually and collectively.

J.      "MPA" shall mean the Master Participation Agreement attached as Exhibits A and H to Plaintiff's Complaint and further includes any revised Master Participation Agreements executed between Brevet and RD Legal but not included as Exhibits to the Complaint.

K.      "Sale Agreement" shall mean the Master Assignment and Sale Agreement attached as Exhibit B to Plaintiff's Complaint and further includes any and all documents executed in connection therewith.

L.      "Berman Fax" shall mean the document attached as Exhibit F to Plaintiff's Complaint.

M.   "Berman Litigation" shall mean the case styled *Garve W. Ivey, P.C. v. Steve Berman and Hagens, Berman, Sobol, Shapiro, LLP*, Case No. 10-cv-03201-LSC, currently pending in the United States District Court for the Northern District of Alabama.

N.   "Litigation" shall mean the case styled *Brevet Capital Special Opportunities Master Fund, III, LP v. RD Legal Funding Partners, LP, et al.*, Case No. 10-cv-04881-SRC-MAS, currently pending in the United States District Court for the District of New Jersey.

O.   "Complaint" shall mean the Amended Complaint filed in the Litigation on or about September 24, 2010 (Dkt. #3).

P.   The applicable time period is from 2008 to present unless otherwise indicated.

Q.   "Person" or "persons" includes but is not limited to any natural person, sole proprietorship, firm, partnership, limited liability company, association, joint venture, corporation, governmental agency, or other organization or legal, social or business entity, including without limitation, any party to this action.

R.   "Communication" means all occasions on which any knowledge, information, belief, opinion, fact or description of any actions, taken or omitted, or any ideas, thoughts or concepts were conveyed from one or more persons to another person or persons by means of any oral utterance (whether in person, over a telephone or over any other oral utterance (whether in person, over a telephone or over any other voice transmission devise)) or any written, transcribed or recorded notation of any nature whatsoever, and by and to whomever made, including, but is not limited to correspondence, conversations, dialogues, discussions, interviews, understandings and transmitting or imparting of any such knowledge, information, belief, opinion, fact or description.

S.      "Document" or "documents" means anything within the scope of Illinois Supreme Court Rule 214, construed broadly, and including, without limitation, any medium upon which intelligence or information has been recorded or retrieved and includes, without limitation, the original, whether draft or final, and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), Communication, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, grant, deed, study, handwritten note, draft, working paper, short paper, print, laboratory record, drawing, sketch, graph, index, list tape, photograph, microfilm, data sheet or data processing card, electronic sound recordings or transcripts thereof, audio or visual tape, computer printouts, any other medium upon which intelligence or information can be recorded or retrieved or any other data form on which intelligence or information has been obtained and can be translated, if necessary through detection devices, into reasonably usable form and any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other documents or writings of whatever description (including any information contained in any computer or on a computer disk, tape or other magnetic or electronic data storage media, whether printed or not) within the answering parties' possession, custody or control, or the possession, custody or control of any employee, agent, servant or representative including attorneys, accountants, investment bankers, or advisors, or any other person acting or purporting to act on behalf of the answering party.

T.      "State with full particularity" or "Describe with full particularity," as used herein, shall mean to recite in writing all facts that the responding party or its counsel have obtained,

have access to and/or are aware of that refer or relate to the subject matter about which an interrogatory is being made, including but not limited to:

     i.    the source or sources of each stated fact;

     ii.    the date upon which the responding party or its counsel obtained and/or became aware of each stated fact;

     iii.    all persons with knowledge of each stated fact;

     iv.    the identity of all documents that refer or relate to each stated fact; and

     v.    all communications referring or relating to each stated fact.

U.    "Notice" means that a person (a) had actual knowledge of the matter inquired into; or (b) has received notification of the matter inquired information; or (c) from all the facts and circumstances known to that person at the time in question, had reason to know the matter inquired into existed.

V.    "Possess" or "possession" means having custody or control of or having access to or having notice of.

W.    "Relate to" or "relating to" means to discuss, constitute, contain, embody, reflect, identify, state, refer to, deal with, be connected with or in any way concern or be pertinent to any person, thing, event, knowledge, information, belief, opinion, fact, action taken, action omitted, idea, thought or concept, either directly or indirectly.

X.    The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all," the word "any" means "any and all," and the word "including" means "including without limitation."

Y.     The term "identify," when used with reference to a document, means to set forth the date, author or originator, addresses, recipients, type of document, present custodian of the document, and general subject matter of the document.

Z.     The term "identify," when used with reference to a natural person, means to state the person's (i) full name; (ii) present or last known home address; (iii) present or last known occupation and title; (iv) present or last known employer and business address; and (v) present or last known home and business telephone numbers.

AA.    The term "identify," when used with reference to a communication, means to identify the date and time of the communication, the initiator(s) and recipient(s) of the communication, the manner in which the communication was made (e.g. correspondence, telephone, etc.), the contents of the communication and any and all documents referring or relating to the communication.

BB.    The term "date" means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

CC.    The term "representative" or "representatives" used with reference to a person includes any:

    i.     Officer, director, partner, associate, employee, attorney, servant, agent, subsidiary, division, and affiliate of such person, and

    ii.    Any other person or legal or business entity acting on behalf of, or in concert with, such person, including any contractor, attorney, or any other person of any description which such person has retained or employed for business, financial or other reasons.

## **INSTRUCTIONS**

A.      If the answering party objects to any of these interrogatories on the grounds that it seeks information that is privileged or otherwise protected from disclosure, please set forth the privilege or protection claimed, the facts upon which you rely to support the claim of privilege or protection, and identify the nature of the information that is claimed to be privileged or protected.   If only a portion of an answer to interrogatories is privileged, then answer the interrogatory to the fullest extent possible following the above-described procedure for the privileged portions.

B.      Where an interrogatory seeks the identification of documents, things, or other information not within the answering party's actual or constructive possession, custody, control, or knowledge, the answering party shall so state and shall answer the request or interrogatory to the extent of its knowledge or belief based on the best information presently available.   Where the answering party has knowledge or belief as to other persons having such possession, custody, control, or knowledge, the answering party shall identify, to the extent know and based on the best information presently available, all such persons, together with a brief summary of the nature of the document, things, or other information believed to be know to such persons.

C.      With respect to any interrogatories, the information sought is that which is current to the date of the response, unless otherwise stated in a particular interrogatory, but these interrogatories shall be deemed continuing so that with respect to any interrogatory, or part thereof, as to which Defendants after answering, acquire additional knowledge or information, Plaintiffs request that Defendants serve supplemental answers within twenty-eight (28) days after acquiring such additional knowledge or information.

## INTERROGATORIES

1.      Describe with full particularity all facts relating to any efforts to sell any interest of any kind, including but not limited to any participation interest, in the legal fee receivables that are the subject of the Sale Agreement.

2.      Describe with full particularity all facts relating to efforts by the RD Legal Defendants from November 9, 2009 through August 18, 2010 to collect the legal fee receivables that are the subject of the Sale Agreement.

3.      Describe with full particularity all facts relating to any actions taken in response to the Berman Fax.

4.      Describe with full particularity all communications relating to the legal fee receivables that are the subject of the Sale Agreement.

5.      Identify all persons to whom any Defendant provided a copy of the Sale Agreement.

6.      Identify all persons to whom any Defendant provided information that the Ivey Defendants' billable hours exceeded 2,000 hours in In re Bextra/Celebrex Litigation, MDL No. 1699, Case No. 3:05-md-1699-CRB pending in the United States District Court for the Northern District of California.

7.      Identify all persons with knowledge of the allegations contained in the Complaint.

8.      Identify all persons with knowledge of the allegations contained in the RD Legal Defendants' cross-claim against the Ivey Defendants.

9.      Identify any witnesses whom any Defendant intends to call to testify on its behalf at trial in the Litigation or in any evidentiary hearing in the Litigation, or in support of any motion or other request for relief in the Litigation. For each witness identified, state with particularity the facts upon which the witness is expected to testify.

Dated:  April 14, 2011

Respectfully submitted,

Dean A. Dickie
Robert C. Levels
MILLER, CANFIELD, PADDOCK
  AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois  60606
Phone:  (312) 460-4200
Firm ID: 44233

By: _____

One of Plaintiffs' Attorneys

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS** to be

served upon counsel of record listed below via U.S. Mail on April 14, 2011.

*Attorneys for Roni Dersovitz, RD Legal Capital,*
*LLC and RD Legal Funding Partners, LP*
Jerome Reisman
Marc Sackin
Reisman Peirez & Reisman LLP
1305 Franklin Avenue P. O. Box 119
Garden City, NY 11530

Aaron E. Albert
Arthur L. Porter, Jr.
Fischer Porter Thomas & Reinfeld PC
180 Sylvan Avenue, Second Floor
Englewood Cliffs, NJ 07632-2700.


*Attorneys for Garve W. Ivey, Jr. and*
*Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm*
Thomas M. Madden
Hack, Piro, O'Day, Merklinger, Wallace &
McKenna, Esqs.
30 Columbia Turnpike
P.O. Box 941
Florham Park, NJ 07932-0941


_____
Robert C. Levels

18,371,147.1\143736-00003

- 11 -

Paul J. Giblin, Jr., Esq.
GIBLIN & GIBLIN
2 Forest Avenue
Oradell, New Jersey 07649
Telephone: (201) 262-9500
Facsimile: (201) 262-8107
Email: pgiblinjr@aol.com

Dean A. Dickie (admitted *pro hac vice*)
Robert C. Levels (admitted *pro hac vice*)
MILLER, CANFIELD, PADDOCK
  AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois 60606
Telephone: (312) 460-4200
Facsimile: (312) 460-4288
Email: dickie@millercanfield.com
Email: levels@millercanfield.com

*Attorneys for Plaintiff Brevet Capital Special*
*Opportunities Master Fund III, LP*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ------------------------------------------------------ x | CASE NO: 2:10-cv-04881-SRC-MAS | |
| BREVET CAPITAL SPECIAL OPPORTUNITIES : MASTER FUND III, LP, | CIVIL ACTION | |
| Plaintiff, : | | |
| -against- : | **PLAINTIFF'S NOTICE OF DEPOSITION OF GARVE W. IVEY, JR.** | |
| RD LEGAL FUNDING PARTNERS, LP; RD LEGAL CAPITAL, LLC; RONI DERSOVITZ; GARVE W. IVEY, JR., P.C. d/b/a THE IVEY LAW FIRM and GARVE W. IVEY, JR., : | | |
| Defendants. : ------------------------------------------------------ x | | |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Plaintiff Brevet Capital Special Opportunities Master Fund III, LP will take the

deposition upon oral examination of Garve W. Ivey, Jr.  This deposition will take place on **July**

Exhibit C

**27, 2011,** commencing at **10:00 a.m.** and continuing day to day thereafter until completed, at the offices of at the offices of Balch & Bingham LLP located at 1901 Sixth Avenue North, Suite 2600, Birmingham, AL  35201.

This deposition will be conducted pursuant to the Federal Rules of Civil Procedure and will proceed before a notary public or other officer authorized to administer oaths.   The deposition will be recorded by stenographic and audiovisual means and will utilize real time interactive transcription (*e.g.*, LiveNote), which shall be available to all parties who wish to utilize Real Time.  Each party desiring to use Real Time shall be responsible for providing its or her own computer and software.

The deponent is also required to produce the materials set forth in the attached Exhibit A.

You are invited to attend and cross-examine.

Dated:  July 11, 2011

BREVET CAPITAL SPECIAL OPPORTUNITIES
MASTER FUND III, LP

By: _____
      One of Plaintiff's Attorneys

## EXHIBIT A

## DOCUMENT RIDER

### Definitions

1.  "Plaintiff" and "Brevet" means Plaintiff Brevet Capital Special Opportunities Master Fund III, LP, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

2.  "RD Legal" means Defendant RD Legal Funding Partners, LP, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

3.  "RD Legal Capital" means Defendant RD Legal Capital, LLC, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

4.  "Dersovitz" means Defendant Roni Dersovitz, his present and former agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on his behalf, at his insistence, or for his benefit.

5.  "RD Legal Defendants" mean RD Legal, RD Legal Capital, and Dersovitz.

6. "Garve W. Ivey, Jr., P.C." means Defendant Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm, its present and former subsidiaries, parents, affiliates, divisions, joint ventures, and partners, as well as its present and former executives, officers, directors, employees, agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on its behalf, at its insistence, or for its benefit.

7. "Ivey" means Defendant Garve W. Ivey, Jr., his present and former agents, attorneys, accountants, consultants, advisors, and all other persons acting or purporting to act on his behalf, at his insistence, or for his benefit.

8. "Ivey Defendants" mean Garve W. Ivey, Jr., P.C. and Ivey.

9. "Defendants" mean RD Legal, RD Legal Capital, Dersovitz, Garve W. Ivey, Jr., P.C. and Ivey.

10. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium.

11. "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and shall include, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand: communications, letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or

4

statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, web-sites, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted messages (including electronic mail or "e-mail"), voice mail messages, text messages, interoffice communications, advertising, packaging and promotional materials, and any other writings, papers, and tangible things of whatever description; as well as any information contained in any computer, server, mainframe, or other storage device (including (i) information on or in computer memory, (ii) information on or in computer or network backup files, and (iii) information that has been "deleted" or "erased" but is recoverable), whether located on-site or at an off-site facility, within your possession, custody, or control.

12. "Person" or "persons" means natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

13. The verb "relate" and its variants encompasses the terms "refer," "reflect," and "concern," and shall be construed to bring within the scope of the document request any information that comprises, evidences, constitutes, describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the document request, including but not limited to all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports, or otherwise evidences the existence of the subject matter of the document request.

14. The terms "any" and "all" shall be construed as "any and all."

15. The terms "include," "includes," and "including" mean "including but not limited to" and "including without limitation."

16. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in context.

17. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

## **Document Requests**

Please produce the following items and documents that are in your file, custody or control:

1.      All documents relating to the Ivey Defendants.

2.      All documents relating to marketing or soliciting a participation, investment, assignment, or other interest in legal fee receivables assigned by the Ivey Defendants to RD Legal.

3.      All documents relating to any legal fee receivables assigned by the Ivey Defendants to RD Legal.

4.      All communications relating to the Ivey Defendants.

5.      All documents relating to Brevet.

6.      All documents relating to Brevet's Master Participation Agreement with RD Legal.

7.      All documents relating to In re Bextra/Celebrex Litigation, MDL No. 1699, Case No. 3:05-md-1699-CRB pending in the United States District Court for the Northern District of California.

8.      All documents relating to Steve Berman or his law firm, Hagens Berman Sobol Shapiro LLP relating to the Ivey Defendants.

9.      All documents relating to Defendants' use of funds provided by Brevet pursuant to its Master Participation Agreement with RD Legal.

10.      All documents relating to any due diligence relating to the Ivey Defendants.

11.      All documents and communications with any person concerning the Ivey Defendants or any assignment of legal fee receivables by the Ivey Defendants to RD Legal.

12.      All documents relating to PartnerRe, including all documents and communications relating to any potential investment by PartnerRe in the RD Legal Defendants.

13.      All documents relating to The MDE Group, including all documents and communications relating to any potential investment by PartnerRe in the RD Legal Defendants.

14.      All documents relating to the Lotus Notes files relating to the Ivey Defendants.

15.      All documents sufficient to identify all persons that accessed Lotus Notes files relating to the Ivey Defendants.

Paul J. Giblin, Jr., Esq.
GIBLIN & GIBLIN
2 Forest Avenue
Oradell, New Jersey 07649
Telephone: (201) 262-9500
Facsimile: (201) 262-8107
Email: pgiblinjr@aol.com

Dean A. Dickie (admitted *pro hac vice*)
Robert C. Levels (admitted *pro hac vice*)
MILLER, CANFIELD, PADDOCK
  AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois  60606
Telephone: (312) 460-4200
Facsimile: (312) 460-4288
Email: dickie@millercanfield.com
Email: levels@millercanfield.com

*Attorneys for Plaintiff Brevet Capital Special*
*Opportunities Master Fund III, LP*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ------------------------------------------------------- x | CASE NO: 2:10-cv-04881-SRC-MAS |
| BREVET CAPITAL SPECIAL OPPORTUNITIES : <br> MASTER FUND III, LP, : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| -against- : | **CERTIFICATE OF SERVICE** |
| : | |
| RD LEGAL FUNDING PARTNERS, LP; RD : <br> LEGAL CAPITAL, LLC; RONI DERSOVITZ; : <br> GARVE W. IVEY, JR., P.C. d/b/a THE IVEY : <br> LAW FIRM and GARVE W. IVEY, JR., : | |
| Defendants. : <br> ------------------------------------------------------- x | |

I hereby certify that on this date I caused true and correct copies of the foregoing

Plaintiff's Notices of Deposition of Rick Rowella, Rogelio Matos, Barbara Laraia, Garve W.

Ivey, Jr. and Bob Cole to be served via U.S. Mail to:

**Attorneys for Roni Dersovitz, RD Legal Capital, LLC and**
**RD Legal Funding Partners, LP**
Jerome Reisman
Marc Sackin
Reisman Peirez & Reisman LLP
1305 Franklin Avenue P. O. Box 119
Garden City, NY 11530

Aaron E. Albert
Arthur L. Porter, Jr.
Fischer Porter Thomas & Reinfeld PC
180 Sylvan Avenue, Second Floor
Englewood Cliffs, NJ 07632-2700.

**Attorneys for Garve W. Ivey, Jr. and**
**Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm**
Thomas M. Madden
HACK, PIRO, O'DAY, MERKLINGER,
WALLACE & MCKENNA, ESQS.
30 Columbia Turnpike
P.O. Box 941
Florham Park, NJ 07932-0941

Dated:  July 11, 2011                    BREVET CAPITAL SPECIAL OPPORTUNITIES
                                         MASTER FUND III, LP

                          By: _____
                                  One of Plaintiff's Attorneys

Founded in 1852
by Sidney Davy Miller

# MILLER CANFIELD

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing
Saginaw • Troy

FLORIDA: Naples
ILLINOIS: Chicago
NEW YORK: New York
CANADA: Toronto • Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wrocław

ROBERT C. LEVELS
TEL (312) 460-4245
FAX (312) 460-4288
E-MAIL levels@millercanfield.com

**Miller, Canfield, Paddock and Stone, P.L.C.**
225 W. Washington, Suite 2600
Chicago, Illinois 60606
TEL (312) 460-4200
FAX (312) 460-4201
www.millercanfield.com

July 26, 2011

## Via Electronic Mail

Jerome Reisman
Marc Sackin
REISMAN PEIREZ & REISMAN LLP
1305 Franklin Avenue P.O. Box 119
Garden City, NY 11530

Thomas M. Madden
HACK, PIRO, O'DAY, MERKLINGER,
WALLACE & MCKENNA, ESQS.
30 Columbia Turnpike
P.O. Box 941
Florham Park, NJ 07932-0941

**Re:** ***Brevet Capital Special Opportunities Master Fund III, LP v. RD Legal Funding Partners, LP, et al.*
Civil Action No. 2:10-cv-04881-SRC-MAS**

Dear Counsel:

      We write to confirm that the scheduled depositions of Garve Ivey and Bob Cole will not proceed tomorrow and Thursday. Mr. Madden's office confirmed that they have had no contact with Mr. Ivey or Mr. Cole as of yesterday. See also Mr. Madden's Motion to Withdraw as Attorney (Dkt. #57). As such, Mr. Madden has been unable to confirm either Mr. Ivey's or Mr. Cole's attendance at the depositions. Moreover, the Ivey Defendants have wholly failed to respond to the written discovery served upon them by both Plaintiff and the RD Legal Defendants. Plaintiff reserves all rights and remedies for the Ivey Defendants' non-compliance.

      Sincerely yours,

      MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

      Robert C. Levels

RCL/dlj
19,279,321.1\145778-00002

Exhibit D