Paul J. Giblin, Jr., Esq.
GIBLIN & GIBLIN
2 Forest Avenue
Oradell, New Jersey 07649
Telephone: (201) 262-9500
Facsimile: (201) 262-8107
Email: pgiblinjr@aol.com

Dean A. Dickie (*pro hac vice*)
Robert C. Levels (*pro hac vice*)
MILLER, CANFIELD, PADDOCK
  AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, Illinois  60606
Phone: (312) 460-4200
Facsimile: (312) 460-4288
Email: dickie@millercanfield.com
Email: levels@millercanfield.com

*Attorneys for Plaintiff Brevet Capital Special Opportunities Master Fund III, LP*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| -------------------------------------------------- x<br>BREVET CAPITAL SPECIAL OPPORTUNITIES<br>MASTER FUND III, LP,<br><br>                        Plaintiff,<br><br>-against-<br><br><br>RD LEGAL FUNDING PARTNERS, LP; RD<br>LEGAL CAPITAL, LLC; RONI DERSOVITZ;<br>GARVE W. IVEY, JR., P.C. d/b/a THE IVEY<br>LAW FIRM and GARVE W. IVEY, JR.<br><br>                        Defendants.<br>-------------------------------------------------- x | : : : : : : : : : : : : : : : : : | CASE NO: 2:10-cv-04881-ES-CLW<br><br><br><br>**DECLARATION OF ROBERT C. LEVELS IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE ANSWERS OF, AND ENTER DEFAULT JUDGMENT AGAINST, GARVE W. IVEY, JR., P.C. d/b/a THE IVEY LAW FIRM and GARVE W. IVEY, JR. PURSUANT TO RULE 37** |

1. My name is Robert Levels. I am an attorney for the Plaintiff in the above-captioned action. If called as a witness, I could and would competently testify to the facts set forth below, as I know each to be true based upon my own personal knowledge. Plaintiff presents this declaration in further support of its motion to strike the answers of, and enter default judgment against, Defendants Garve W. Ivey, Jr. and Garve W. Ivey, Jr. P.C. (d/b/a The Ivey Law Firm) (hereinafter "Ivey") pursuant to Fed. R. Civ. P. § 37 for failure to respond or participate in discovery.

2. On September 20, 2011 Ivey's attorneys Hack, Piro, O'Day, Merklinger, Wallace & McKenna withdrew as counsel due to Ivey's failure to communicate with the firm and participate in his own defense.

3. While steadfastly refusing to participate in the instant action, Ivey prosecuted an action against Steve Berman, et al. in the Northern District of Alabama regarding matters purportedly related to his alleged defenses in the instant matter.

4. On December 1, 2011, the United States District Court Northern District of Alabama Jasper Division granted Mr. Berman's motion for summary judgment and dismissed Ivey's action with prejudice and costs taxed to Ivey.

5. A true and accurate copy of the December 1, 2011 Order issued by the United States District Court Northern District of Alabama Jasper Division is attached hereto as Exhibit A.

6. A true and accurate copy of the December 1, 2011 Memorandum of Opinion issued by the United States District Court Northern District of Alabama Jasper Division is attached hereto as Exhibit B.

7. Subsequently, on February 23, 2012, Ivey surrendered to the Walker County Sheriff's Office on charges of ten counts of first-degree theft of check or currency and one count of second-degree theft of check or currency, which carry a maximum penalty of 210 years of imprisonment and $315,000.

8. A true and accurate copy of the February 23, 2012 article Kent Faulk, *Disbarred Jasper lawyer Garve Ivey Jr. indicted on theft charges*, AL.COM, http://blog.al.com/spotnews/2012/02/disbarred_jasper_lawyer_garve.html (last visited on March 22, 2012) is attached hereto as Exhibit C.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

                                                        Robert C. Levels
                                                       Attorney for Plaintiff

Executed on March 22, 2012

19,965,515.1\145778-00002

Case 2:10-cv-04881-ES-JAD   Document 76   Filed 03/22/12   Page 4 of 16 PageID: 1306

Case 6:10-cv-03201-LSC   Document 35   Filed 12/01/11   Page 1 of 1

FILED
2011 Dec-01 PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| GARVE W. IVEY, P.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>STEVE BERMAN, et al.,<br><br>    Defendants. | 6:10-cv-03201-LSC |

ORDER

In accordance with the Memorandum of Opinion entered contemporaneously herewith, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' motion for summary judgment (Doc. 25) is GRANTED in all respects. The above-entitled cause is hereby DISMISSED with prejudice. Costs are taxed to the plaintiff.

Done this 1st day of December 2011.

*[signature]*

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297

PAGE 1 OF 1

**EXHIBIT A**

FILED
2011 Dec-01 PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| GARVE W. IVEY, P.C., ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | 6:10-cv-03201-LSC |
| ] | |
| STEVE BERMAN, et al., ] | |
| ] | |
| Defendants. ] | |
| ] | |

MEMORANDUM OF OPINION

I. Introduction.

The Court has for consideration a motion for summary judgment, which was filed by Defendants Hagens Berman Sobol Shapiro, LLP ("Hagens Berman"), and Steve Berman. (Doc. 25.) Plaintiff Garve W. Ivey, P.C., initiated this action against Defendants in the Circuit Court of Walker County, Alabama, on February 19, 2010. In its Complaint, Plaintiff seeks declaratory relief related to an alleged agreement between the parties to share the responsibilities and profits of certain litigation. Specifically, Plaintiff seeks a declaration of the rights and responsibilities of the parties under the purported agreement, pursuant to the Alabama Declaratory Judgment Act, Ala. Code § 6-6-220, *et. seq.*, as well as an accounting of costs and profits between the

**EXHIBIT B**

firms concerning litigation in ten named cases. (Compl. ¶¶ 7-8.) Defendants' motion has been briefed by the parties and is ripe for decision. Upon full consideration of the legal arguments and evidence presented, Defendants' motion for summary judgment will be granted in all respects.

II.   Facts.[1]

Plaintiff, Garve W. Ivey, P.C., is a law firm in Walker County, Alabama. Hagens Berman is a Seattle, Washington, law firm specializing in representing plaintiffs in complex, class-action litigation. Steve Berman is managing partner of Hagens Berman. Garve Ivey, Jr., referred a number of cases to Hagens Berman on behalf of Garve W. Ivey, P.C., and associated as counsel for the party plaintiffs in several cases. Garve W. Ivey, P.C., contends that it had an agreement with Hagens Berman to share in the duties and responsibilities of certain litigation and share in any profits that might arise. The litigation at issue is identified in the Complaint as follows: (1) *Celebrex/ Bextra Third Party Payor*; (2) *Risperdal*; (3) *NCAA Scholarship*; (4) *340B Medicare*; (5) *Medicare Set Aside*; (6) *Vioxx Third Party Payor*; (7) *Neurontin*;

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, the facts submitted in the parties' Joint Status Report, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

(8) *Zyprexa RICO*; (9) *Vermont Pure*; and (10) *Jan Schlichtmann*.

III.   Standard.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions,

---

[2]Although Fed. R. Civ. P. 56 was amended on December 1, 2010, "the standard for granting summary judgment remains unchanged." Fed. R. Civ. P. 56 advisory committee's note (2010 Amendments).

answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *see also* Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp.*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.   Discussion.

Garve W. Ivey, P.C., seeks a declaratory judgment regarding the rights and responsibilities of the parties with regard to the ten cases named in the Complaint. In the course of litigating this action, Plaintiff has clarified that it seeks a declaration of its rights regarding the "res," or profits, from those ten cases. (Doc. 7 ¶ 8.) Defendants contend that they are entitled to summary judgment because Plaintiff cannot establish that there is a justiciable controversy between the parties. Defendants argue that four of the ten cases have not been fully and completely resolved; therefore, it is unknown whether fees will be awarded. Defendants also proffer that only one of the remaining cases resulted in the payment of fees—and Plaintiff was paid for its work in that case. Plaintiff counters that it is nonetheless owed an accounting of fees due.

Alabama Code § 6-6-223 gives a court the right to issue a "declaration of

rights, status or other legal relations thereunder" for any person "affected by . . . a contract." However, "[l]ike any other action, a bona fide justiciable controversy is essential to maintain a declaratory-judgment action." *State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So. 2d 643, 649 (Ala. 2004). "A controversy is justiciable when present legal rights are affected, not when a controversy is merely anticipated." *Id.* (citing *Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C.*, 828 So. 2d 285, 288 (Ala. 2002)). "Nor does the declaratory-judgment statute empower a court to give an advisory opinion." *Id.* (citing *Hornsby v. Sessions*, 703 So. 2d 932 (Ala. 1997)). The U.S. Supreme Court has given the following guidance to courts regarding declaratory judgments: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941), *quoted in GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995).

Defendants have submitted unrefuted evidence that the *Risperdal*, *Vioxx Third Party Payor*, *Neurontin*, and *Zyprexa RICO* matters are currently pending in their respective courts and there has not been any determination made by the courts regarding legal fees. In order to declare Plaintiff's "right" to any of the profits of

these four cases, this Court must speculate, at a minimum, (a) whether fees will be awarded, and (b) the total amount of fees that will be approved in each case by the different courts. Assuming there is an agreement between the parties to share in the profits of these four matters, there are no profits to share at this time, nor is there any indication that Defendants intend to deny Plaintiff its share of any fees recovered. Because the Court cannot predict with any accuracy whether Plaintiff will be entitled to any fees and there is no evidence of an immediate or real need for relief, a declaratory judgment is clearly inappropriate.

With regard to the *Celebrex/Bextra Third Party Payor* case, Defendants have produced evidence showing the matter settled and Plaintiff was paid $52,629.27 for legal work after submitting a revised claim for $61,875.00 in attorney fees. Prior to the revised claim, Plaintiff attempted to collect over one million dollars. Plaintiff does not dispute the amount received from Defendants in relation to the revised claim submitted. Rather, Garve Ivey, Jr., argues on behalf of his law firm that unnamed individuals with "the defendant firm" assured him that if he revised his claim "to include only work done on specific portions of the case, . . . we would settle up on the remaining work on other portions of the case at a later date." (Doc. 29-1 ¶ 9.) However, Plaintiff fails to provide any admissible evidence detailing this purported side agreement or the additional amount Mr. Ivey contends he is owed. "Conclusory,

uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion." *West v. Higgins*, 346 Fed. Appx. 423, *425 (11th Cir. 2009) (citing *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)). Moreover, Mr. Ivey's assertion that his revised claim included "only work done on specific portions of the case" contradicts, without explanation, his earlier sworn statement filed with the Northern District of California under penalty of perjury. (Doc. 27-15 ¶¶ 7-8.) In that sworn statement, Mr. Ivey stated as follows: "The *total* number of hours expended on this litigation by me is 165 hours. The *total* for my firm is $61,875.00. . . . As detailed in Exhibit 2, my firm has incurred unreimbursed expenses in connection with this litigation. The Ivey Law Firm is not seeking reimbursement for any of their out of pocket expenses." (*Id.* (emphasis added).) A party may not survive summary judgment by simply contradicting a previous sworn statement without explaining the disparity. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999); *Tippens v. Celotex Corp.*, 805 F.2d 949, 953-54 (11th Cir. 1986). Because there is no admissible evidence of an agreement to pay Plaintiff any monies outside the amount paid pursuant to the revised claim submitted after settlement of the *Celebrex/ Bextra Third Party Payor* litigation, Plaintiff cannot establish its entitlement to a declaratory judgment on this claim.

Defendants have also filed evidence showing that the *NCAA Scholarship*, *340B Medicare*, *Vermont Pure*, and *Jan Schlichtmann* matters are concluded, and Defendants did not collect any legal fees. Garve Ivey, Jr., signed a settlement agreement in 2007 in the *NCAA Scholarship* matter and agreed to forego attorney fees. The plaintiffs in the *340B Medicare* litigation moved to dismiss their action without prejudice. And, Plaintiff and Hagens Bermen were named *defendants* in the *Schlictman* and *Vermont Pure* litigation. There is no evidence of an agreement to share profits or attorneys fees in either *Schlictman* and *Vermont Pure*, nor is there evidence that Defendants collected any such fees. Mr. Ivey says in his affidavit: "As to the Poland Springs/ Schlictmann litigation, [Defendants] are holding $435,000 that was to be divided equally among us." (Doc. 29-1 ¶ 15.) However, the Court has no idea what that $435,000 amount constitutes, how it relates to the *Schlictmann* litigation, or who "us" is. With respect to *NCAA Scholarship*, *340B Medicare*, *Vermont Pure*, and *Jan Schlichtmann* matters, Plaintiff has failed to submit any admissible evidence challenging Defendants' showing that there are no legal fees or profits to share. Accordingly, Defendants are entitled to summary judgment with regard to these claims.

Finally, Defendants have proffered evidence that they are not involved in any cases designated as *Medicare Set Aside* litigation, nor have they obtained any fees

from any such litigation. Plaintiff has not produced any admissible evidence to counter Defendants' position. Instead, Mr. Ivey argues in an affidavit that "there was communication" between the parties regarding "that case" and David Nalvern "was to take [Plaintiff's] plaintiff and go forward in New York." (Doc. 29-1 ¶ 11.) Mr. Ivey does not provide the Court with any dates or case numbers, nor do his assertions show that Defendants actually followed through with filing or pursuing the purported case(s). There is certainly no evidence of an agreement or contract to share profits in this matter. Accordingly, the Court will enter summary judgment in favor of Defendants on the *Medicare Set Aside* claim.

Plaintiff appears to argue that it has a right to an "accounting," separate from any claim for a declaratory judgment. Plaintiff claims that its request for an equitable accounting shifts the burden to Defendants to establish the "non-existence" of money due; therefore, summary judgment may not be entered. (Doc. 29 at 6-7.) However, an accounting is not available "absent some independent cause of action." *Johnson v. Pullman, Inc.*, 845 F.2d 911, 913 (11th Cir. 1988). Because Plaintiff has failed to show there is a genuine issue for trial with regard to his suit for a declaratory judgment, his request for an accounting is also dismissed.

V.  Conclusion.

For the reasons outlined above, Defendants' motion for summary judgment will be granted in all respects. A separate order will be entered.

Done this 1st day of December 2011.

　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　L. SCOTT COOGLER
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
　　　　　　　　　　　　　　　　　　139297



Everything Alabama

# Disbarred Jasper lawyer Garve Ivey Jr. indicted on theft charges

Published: Thursday, February 23, 2012, 5:01 PM     Updated: Thursday, February 23, 2012, 6:26 PM



By **Kent Faulk -- The Birmingham News**



**View full size**

Jasper attorney Garve Ivey sits in a Mobile County Circuit Court in this June 15, 2000, file photo. (Mike Kittrell/Press-Register of Mobile file)

JASPER, Alabama -- Garve Ivey Jr., a disbarred Jasper lawyer and former official in the state trial lawyers association, has been arrested on multiple counts of theft, Attorney General Luther Strange announced this afternoon.

Ivey, 60, surrendered this afternoon at the Walker County Sheriff's Office, according to the statement from Strange's office. Bail was set at $210,000, according to the statement.

A jailer, contacted at 4:15 p.m., said Ivey was not in the county jail.

The attorney general's office had presented evidence to a Walker County grand jury this morning, resulting in the indictment against Ivey, according to the attorney general's statement.

The indictment charges Ivey with one count of second-degree theft of a check or currency valued between $500 and $2,500 and 10 counts of first-degree theft of a check or currency valued at more than $2,500.

The attorney general's office was not releasing any other information about the alleged crimes.

If convicted, Ivey faces a maximum penalty of two to 20 years imprisonment and a fine of up to $30,000 for each of the 10 counts of first-degree theft, which is a class B felony; and one to 10 years imprisonment and a fine of up to $15,000 for the count of second-degree theft, which is a class C felony, according to the attorney general's statement.

The attorney general's statement cited an Alabama State Bar Association publication that states Ivey was disbarred from the practice of law in Alabama, effective March 14, 2011, by order of the Supreme Court of Alabama. Ivey had consented to disbarment based on two investigations concerning the misappropriation of third-party and client funds from Ivey's trust account.

**EXHIBIT C**

Ivey, who had been active in politics, was sentenced by a judge in 2000 to 30 days in jail and fined $1,000 for his role in an ex-hooker's election-year 1998 accusations against Lt. Gov. Steve Windom. The misdemeanor conviction, however, was reversed and a judgment of acquittal entered in 2001 in that case.

Ivey is the brother of Hoover Mayor Gary Ivey.

*Updated at 6:25 p.m. with information that Ivey is the brother of Hoover's mayor*

© 2012 al.com. All rights reserved.