UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| BREVET CAPITAL SPECIAL OPPORTUNITIES MASTER FUND III, LP, | Civil Action No. 10-4881 (ES) (CLW) |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| v. |  |
| RD LEGAL FUNDING PARTNERS, LP, ET AL. |  |
| Defendants. |  |

**WALDOR, UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court by way of plaintiff Brevet Capital Special Opportunities Master Fund III, LP's ("Plaintiff" or "Brevet") motion to strike the answers of defendants Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm and Garve W. Ivey, Jr. ("Ivey" or "Garve W. Ivey, Jr., P.C." or "Ivey Defendants") for violating Fed. R. Civ. P. 37 and to enter default upon the Ivey Defendants pursuant to Fed. R. Civ. P. 55(a) (Dkt. Entry No. 72, "Motion to Strike Defendants' Answers").  Pursuant to Local Civil Rule 72.1, District Judge Salas referred this motion to the Undersigned for Report and Recommendation ("Recommendation").  For the reasons to be discussed, it is respectfully recommended that Plaintiff's motion be GRANTED and that an order ("Order") be entered striking the Ivey Defendants' answers and entering a default against the Ivey Defendants.  The Court makes the following findings in support of this Recommendation.

**I.     BACKGROUND**

On September 23, 2010, Brevet filed its Complaint against the Ivey Defendants. (Dkt. Entry No. 1, Complaint ("Compl.")). Brevet served Ivey and Garve W. Ivey, Jr., P.C. on October 5, 2010 and October 1, 2010, respectively. See Aff. Of Service on Garve W. Ivey (Dkt. Entry No. 11); Aff. of Service on Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm (Dkt. Entry No. 10).

The Ivey Defendants failed to answer or otherwise respond to the Complaint. Accordingly, Brevet moved for entry of default on November 12, 2010. (Dkt. Entry No. 30). The Clerk entered default as to the Ivey Defendants for failure to appear on November 12, 2010. Thereafter, Brevet filed a Motion for Default Judgment as to the Ivey Defendants pursuant to Fed. R. Civ. P. 55. (Dkt. Entry No. 31). On December 6, 2010, Thomas Madden, Esq. filed answers ("Answers" or "Answer") on behalf of the Ivey Defendants. (Dkt. Entry Nos. 37 and 38). On January 11, 2011, based on the presence of counsel and the filing of answers, Judge Chesler denied Brevet's Motion for Default Judgment. (Dkt. Entry No. 43).

On March 25, 2011, Judge Shipp entered a Pretrial Scheduling Order. (Dkt. Entry No. 54). Pursuant to said Order, the parties were to serve interrogatories and requests for production of documents on or before April 14, 2011, to be responded to by May 16, 2011. (Id.). Judge Shipp made clear that failure to follow the Pretrial Scheduling Order could result in sanctions pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37. (Id.). On April 14, 2011, consistent with the Pretrial Scheduling Order, Brevet served the Ivey Defendants with requests for production of documents and interrogatories. (Motion to Strike Defendants' Answers, Ex. A to Levels Declaration (Decl.), Ex. B to Levels Decl.). However, neither Ivey nor Garve W. Ivey,

Jr., P.C. responded to the requests for production of documents or answered interrogatories. (Id.).

On May 27, 2011, Thomas Madden filed a motion to withdraw as counsel to the Ivey Defendants. (Dkt. Entry No. 57, "Motion to Withdraw"). Mr. Madden informed the Court that since filing the Answers on December 6, 2010, his communication with the Ivey Defendants had "deteriorated to no communications or assistance from the client in the defense of this matter." (Motion to Withdraw ¶ 4). He further stated that the Ivey Defendants "substantially failed to fulfill their obligation to assist in the defense of this matter and respond to [Mr. Madden's] repeated requests for succor and communication." (Id. ¶ 5). As such, on September 20, 2011, the Court granted Mr. Madden's Motion to Withdraw. (Dkt. Entry No. 69).

Brevet filed the instant motion on January 12, 2012, requesting that this Court strike the Answers of the Ivey Defendants and enter default against the Ivey Defendants. (Dkt. Entry No. 72). The Ivey Defendants have not responded to this motion.

## II.    DISCUSSION

### A. Imposition of Sanctions Against Corporate Defendant Garve W. Ivey, Jr., P.C.

Garve W. Ivey, Jr., P.C.'s failure to retain counsel requires this Court to recommend that the District Court strike Garve W. Ivey, Jr., P.C.'s Answer, order that default be entered against it, and permit Plaintiff to proceed to judgment by default as to Garve W. Ivey, Jr., P.C. The Third Circuit has made clear that corporations cannot represent themselves *pro se*. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1996). See also Shandex Indus. Inc. v. Vent Right Corp., No. 09-4148, 2011 WL 6132439, *3 (D.N.J. Dec. 8, 2011); First Franklin Financial Corp. v. Rainbow Mortg. Corp., Inc., No. 07-5440, 2010 WL 4923326, *1 (D.N.J. Nov. 23, 2011);

Harrington v. All American Plazas, Inc., No. 08-3848. 2010 WL 2710573, *2 (D.N.J. Jul. 7, 2010).

Following the Court's order on September 20, 2011 relieving Mr. Madden as counsel for Garve W. Ivey, Jr., P.C., the Court essentially afforded defendant Garve W. Ivey, Jr., P.C. seven months to retain new counsel. Additionally, on March 26, 2012, this Court entered an order explaining that a corporate entity, including a professional corporation, cannot represent itself under applicable law and directed Garve W. Ivey, Jr., P.C. to retain counsel by April 9, 2012. (Dkt. Entry No. 77). The order warned Garve W. Ivey, Jr., P.C. that, if counsel failed to enter an appearance by April 9, 2012, this Court would ask the District Court to strike its Answer. (Id.).

Despite this Court's March 26, 2012 order, Garve W. Ivey, Jr., P.C. has not retained counsel. Further, counsel for Garve W. Ivey, Jr., P.C. failed to appear on its behalf at the Court-ordered settlement conference on March 26, 2012. This conduct is in contravention of established Third Circuit precedent. Accordingly, this Court recommends that the District Court strike the Answer of corporate defendant Garve W. Ivey, Jr., P.C., enter default judgment against it, and allow Brevet to proceed to judgment by default as to Garve W. Ivey, Jr., P.C.

**B. Imposition of Sanctions Against Individual Defendant Garve W. Ivey, Jr.**

Individual defendant Ivey's failure to comply with the Federal Rules of Civil Procedure requires this Court to determine the appropriate sanctions to impose. Federal Rule of Civil Procedure 33(b)(2) requires a party responding to interrogatories to serve its answers and any objections within thirty (30) days after being served with the interrogatories, unless the parties stipulate to a longer time or the Court orders additional time to respond. Fed. R. Civ. P. 33(b)(2). As to Brevet's request for production of documents, Federal Rule of Civil Procedure 34(b)(2)(A) states that a written response to a request for documents must be provided within thirty (30) days

4

after being served with such a discovery request, unless the parties stipulate to a longer time or the Court orders additional time to respond. Fed. R. Civ. P. 34(b)(2)(A). See Williams v. Sullivan, No. 08-1210, 2011 WL 2119095, *5 (D.N.J. May 20, 2011).

The Federal Rules of Civil Procedure provides for sanctions for failure to serve answers to interrogatories or respond to requests for production of documents. Pursuant to Fed. R. Civ. P. 37(d)(1)(A), "the court where the action is pending may, on motion, order sanctions if: (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A). When a party violates Rule 33 or Rule 34, the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."[1] Fed. R. Civ. P. 37(d)(3). Fed. R. Civ. P. 37(b)(2)(A) provides in pertinent part:

> If a party fails … to obey an order to provide or permit discovery, … the court where the action is pending may issue further just orders. They may include the following:
> 
> …
> 
> (iii) striking pleadings in whole or in part;
> 
> (vi) rendering a default judgment against the disobedient party;

Fed. R. Civ. P. 37(b)(2)(A). In deciding whether sanctions that "deprive a party of the right to proceed with or defend against a claim" are appropriate, the Court considers the six factors set forth by the Third Circuit in Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d. Cir. 1984). These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and

---

[1] Additionally, Fed. R. Civ. P. 16(f)(1)(C) authorizes a court to sanction a party that fails to comply with a scheduling or pretrial order. When a party violates Fed. R. Civ. P. 16, the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(iv)." Fed. R. Civ. P. 16(f)(1). Accordingly, Ivey's failure to comply with Judge Shipp's Pretrial Scheduling Order is similarly sanctionable.

(6) the meritoriousness of the claim or defense. <u>Id.</u> The Court is required to balance each factor in its analysis. <u>Id.</u> However, no particular <u>Poulis</u> factor is controlling. <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 221 (3d Cir. 2003); <u>First Franklin Fin. Corp. v. Rainbow Mortg. Corp., Inc.</u>, No. 07-5440, 2010 WL 4923341 (D.N.J. Oct. 19, 2010) ("<u>Poulis</u> requires the District Court only to balance the six factors and does not set one forth as determinative."). As such, a decision whether to impose default is left to the court's discretion. <u>Id.</u>; <u>see</u> <u>Chiarulli v. Taylor</u>, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010).

<u>The Extent of Ivey's Personal Responsibility</u>

The first <u>Poulis</u> factor weighs in favor of dismissal. Brevet first served its initial discovery demands on Ivey on April 14, 2011. Over one year has passed since Brevet made its initial demand and Ivey has not produced and/or responded to even a single discovery demand. (Motion to Strike Defendants' Answers at 2) (citing July 26, 2011 Corresp. fr. R. Levels to T. Madden, Ex. D. to Levels Decl.; Levels Decl. at ¶¶ 2-6). Moreover, since Mr. Madden, Ivey's former counsel, filed Ivey's Answer on December 6, 2010, Ivey failed to maintain any contact with this Court or Mr. Madden. (Dkt. Entry No. 57). Said lack of contact ultimately compelled Mr. Madden to seek to withdraw as Ivey's counsel. Mr. Madden represented to the Court that, after filing Ivey's Answer on December 6, 2010, his communication with Ivey had "deteriorated to no communications or assistance from the client in the defense of this matter." (Dkt. Entry No. 57, ¶1). Ivey additionally ignored Mr. Madden's repeated warnings that he would withdraw despite Mr. Madden's "repeated requests for succor and communication." (<u>Id.</u>). As a result, this Court granted Mr. Madden's Motion to Withdraw on September 20, 2011. (Dkt. Entry No. 69). Following the Court's September 20, 2011 order, Ivey has failed to obtain replacement counsel, respond to written discovery served in this case, attend discovery conferences, appear for his

deposition, or otherwise participate in discovery.  (Motion to Strike Defendants' Answers at 4) (citing Levels Decl. at ¶¶ 2-6).  Ivey cannot blame these failures on anyone but himself.

Although Ivey is treated as a *pro se* litigant, this does not allow him to evade his responsibility to respond to discovery requests and to participate in the litigation.  Burns v. Glick, 158 F.R.D. 354, 356 (E.D.Pa. 1994) ("[A]ll litigants, including pro ses, have an obligation to comply with Court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions.").  Ivey made a purposeful decision to refuse to provide the requested discovery.  Accordingly, this factor favors striking Ivey's Answer, entering default against him, and allowing Brevet to proceed to judgment by default as to Ivey.

Prejudice to Brevet

Next, the Court finds that Brevet is prejudiced by Ivey's decision not to participate in this litigation.  The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware, 322 F.3d 218, 222 (3d Cir. 2003).  The Third Circuit explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  Id. Prejudice may include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.  Prejudice also includes deprivation of information through noncooperation with discovery, and costs expended obtaining court orders to force compliance with discovery."  Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1997) (citation omitted).

Here, the prejudice is clear.  Brevet has been deprived of the information it needs to support its claims and has additionally been forced to file several motions, expending both time

and resources, to obtain relevant discovery. Ramada Worldwide Inc. v. NPR Hospitality Inc., No. 06-4966, 2008 WL 163641, at *4 (D.N.J. Jan. 16, 2008) (finding prejudice where plaintiff was unable to obtain discovery or pursue its claims "due to [d]efendants' failure to actively participate in the litigation of [the] case"). Ivey's failure to respond to discovery requests and interrogatories resulted in Brevet's inability to prosecute its claims, proceed with discovery or otherwise prepare a trial strategy. See Shandex Indus. Inc., 2011 WL 6132439, *4 (finding Plaintiff's inability to ascertain defendant's defenses or prosecute its claim against defendant prejudicial). As such, the second Poulis factor similarly weighs in favor of Brevet.

### History of Dilatoriness

Third, there is a history of dilatoriness on the part of Defendant. Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court." Poulis, 747 F.2d at 868. At the outset of this case, Ivey failed to respond to the Complaint or to Brevets's initial Motion for Default Judgment. (Dkt. Entry No. 31). Thereafter, Ivey ignored all good faith efforts to communicate with his counsel, obtain the requested discovery, participate in scheduled conferences, or comply with court orders. (Motion to Strike Defendants' Answers at 4-5). This conduct constitutes a history of dilatoriness. See Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citing Poulis, 747 F.2d at 868) ("[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). Id. Ivey's "extensive [and] repeated . . . delinquency" requires that this Court recommend the imposition of the sanctions that Brevet seeks. Poulis, 747 F.2d at 868.

### Ivey's Conduct Has Been Willful

The fourth Poulis factor also weighs in favor of dismissal. Here, following Mr. Madden's withdrawal from this case, Ivey made no attempt to contact the Court or otherwise participate in this litigation. Ivey has presented no evidence to suggest that his failure to respond to discovery requests or to comply with court orders resulted from inadvertence, neglect, or mistake. The absence of a reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel"); Harrington v. All American Plazas, Inc., No. 08-3848, 2010 WL 2710573, *3 (D.N.J. Jul, 7, 2010). As such, this Court must recommend that Ivey's answer be struck and that default be entered against him.

### Alternative Sanctions

The fifth Poulis factor requires the Court to determine the effectiveness of alternative sanctions. Ivey's lack of meaningful participation demonstrates an intention to no longer litigate this case. See Temptime Corp. v. Timestrip PLC, No. 08-4277, 2009 WL 1560205, at *2 (D.N.J. June 2, 2009) ("[T]he defendant's nonresponsiveness despite notice of these proceedings and the consequences … demonstrates that no sanction other than striking its Answer and allowing the plaintiff to seek default or default judgment will cure the prejudice."). The Court thus concludes that alternative sanctions, including monetary sanctions, would not prompt an appropriate response from Ivey. Genesis Eldercare Rehab Servs., Inc. v. Beam Mgmt., LLC, No. 07-1843, 2008 WL 1376526, at *2 (E.D.Pa. Apr. 9, 2008) (defendant "demonstrated its complete neglect of its obligations as a litigant in this matter. Given [defendant's] willful non-compliance, we do not believe that a monetary sanction would be sufficient in this case. . . . [A] sanction such as the

award of attorney fees would do nothing to suddenly prompt [defendant's] compliance with the Court's orders.").

### Meritoriousness of Defenses

Lastly, the Court has reviewed Ivey's Answer to the Complaint. Given the bare-boned nature of the pleading, the Court cannot adequately evaluate the merits, if any, of his defenses. However, it is not necessary for the Court to reach this factor in order to recommend striking his Answer and allowing Brevet to proceed to judgment by default as to Ivey. Ware, 322 F.3d at 221 ("Each [Poulis] factor need not be satisfied for the trial court to dismiss a claim.") (citation omitted). The Court thus declines to address this factor in weighing the recommended sanctions.[2]

This Court recognizes that the striking of an answer and the entry of default is reserved for the most extreme cases. Wachtel v. Health Net, Inc., 239 F.R.D. 81, 101 (D.N.J. 2006) ("Default is an extreme sanction that must be reserved for instances in which it is justly merited."). Nonetheless, this Court finds that this extreme sanction is warranted. From its inception, the Ivey Defendants have failed to cooperate in discovery and actively participate in this case despite having been given opportunities to do so and being warned of the consequences of failing to do so. Furthermore, with regard to Garve W. Ivey, Jr., P.C., this corporate entity may not represent itself *pro se*. See Simbraw, 367 F.2d at 374. Although this decision is not made lightly, the Court finds no alternative lesser sanction to be appropriate.

---

[2] Similarly, under the Poulis factors, Ivey's failure to retain counsel for defendant Garve W. Ivey, Jr., P.C. also warrants the imposition of sanctions. The Court has already recommended striking defendant Ivey's Answer as a result of his failure to permit discovery. Accordingly, the Court need not undertake a thorough Poulis analysis with respect to Ivey's failure to retain counsel for defendant Garve W. Ivey, Jr., P.C.

**III. CONCLUSION**

For the reasons set forth above, this Court respectfully recommends that the District Court strike the Answers of *pro se* defendant Garve W. Ivey, Jr. and corporate defendant Garve W. Ivey, Jr., P.C., order that default be entered against them, and that Plaintiff be allowed to proceed to judgment by default as to *pro se* defendant Garve W. Ivey, Jr. and corporate defendant Garve W. Ivey, Jr., P.C.[3]  The parties shall have fourteen days from receipt of this Report and Recommendation to file and serve any objections.  Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(a)(2).

s/Cathy L. Waldor<br>
**Cathy L. Waldor, U.S.M.J.**

---

[3] The Court notes that Brevet's motion seeks the entry of default judgment.  However, prior to obtaining a default judgment under Rule 55(b), the party seeking default must first obtain an entry of default from the Clerk of Court, as provided for under Rule 55(a).  See Husain v. Casino Control Com'n, 265 F.App'x 130, 133 (3d Cir. 2008).