UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BREVET CAPITAL SPECIAL OPPORTUNITIES MASTER FUND III, LP, | : : : | Civil Action No. 10-4881 (ES) |
| Plaintiff, | : : : | **ORDER** |
| v. | : : : | |
| RD LEGAL FUNDING PARTNERS, et al. | : : : | |
| Defendants. | : : | |

**SALAS, DISTRICT JUDGE**

      This matter having come before the Court on Plaintiff's motion for final default judgment (D.E. No. 86) against Defendants Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm and Garve W. Ivey, Jr. (collectively, the "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court having considered Plaintiff's submission, and it appearing that:

1. Plaintiff commenced this action on September 23, 2010. (D.E. No. 1).

2. Plaintiff served Defendant Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm with a copy of the Summons and Complaint on October 1, 2010, (D.E. No. 10), and Defendant Garve W. Ivey, Jr. on October 5, 2010. (D.E. No. 11).

3. On or about December 6, 2010, Defendants filed an Answer through their counsel, Hack, Piro, O'Day, Merklinger, Wallace & McKenna, Esqs. (D.E. Nos. 37, 38).

4. On April 14, 2011, Plaintiff served discovery demands on Defendants through their counsel including interrogatories, document requests and notice of deposition. (*See* D.E. No. 73-1, Certification of Robert C. Levels ("Levels Cert.") ¶¶ 2-4, Exs. A, B & C).

5. Defendants failed to respond to any written discovery or appear for deposition. (*Id.* at ¶ 6).

6. On May 27, 2011, Defendants' counsel moved to withdraw as attorney because his communications had "deteriorated to no communications or assistance from the client in the defense of this matter." (D.E. No. 57, Decl. of Thomas M. Madden ¶ 4).

7. On September 20, 2011, the Court granted the motion to withdraw. (D.E. No. 69).

8. On January 12, 2012, Plaintiff filed a motion to strike Defendants' Answer. (D.E. No. 72).

9. By Order dated June 4, 2012, the Court granted Plaintiff's motion striking Defendants' Answer and entering default. (D.E. No. 18).

10. Plaintiff has certified that it served Defendants with the instant motion. (D.E. No. 86-1, Certification of Service).

11. To date, Defendants have not opposed Plaintiff's motion for default judgment.

Accordingly, **IT IS** on this 1st day of March 2013,

**ORDERED** that judgment is hereby entered against Defendants Garve W. Ivey, Jr., P.C. d/b/a The Ivey Law Firm and Garve W. Ivey, Jr. in favor of the Plaintiff in the total amount of $1,380,315.81 comprised of the following amounts plus reasonable attorneys' fees and costs and any and all post judgment interest as allowable by law:

(a) $983,149.81 for the total amount Plaintiff invested with Defendants pursuant to the Master Participation Agreement dated October 1, 2009 (D.E. No. 88, Decl. of Mark Callahan ("Callahan Decl.") ¶ 3, Ex. 1, Ex. A, Schedule 1); and

(b) $397,166 for pre-judgment interest, (Callahan Decl. ¶ 6, Ex.1, Ex. A, Schedule 1); and it is further

**ORDERED** that Plaintiff's counsel shall submit records to support its claims for reasonable attorneys' fees and costs within fourteen days of the entry of this Order.

s/*Esther Salas*
**Esther Salas, U.S.D.J.**